UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY PAUWELS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>Defendants. | Case No. 1:21-cv-00515-ALC<br><br>CLASS ACTION |
| ZHONGXUN YANG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>Defendants. | Case No. 1:21-cv-00721-ALC<br><br>CLASS ACTION |
| JOSEPH FRANKLIN MONKAM NITCHEU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>Defendants. | Case No. 1:21-cv-02262-ALC<br><br>CLASS ACTION |

**MEMORANDUM IN SUPPORT OF JOSEPH FRANKLIN MONKAM NITCHEU'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## INTRODUCTION

Before this Court are three related securities class actions brought on behalf of purchasers of Bit Digital, Inc. ("Bit Digital" or the "Company") securities between December 21, 2020 and January 11, 2021, inclusive (the "Class Period"), which allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Joseph Franklin Monkam Nitcheu hereby moves this Court for an order: (i) consolidating the three above-captioned securities fraud class actions against Bit Digital filed in this district under the lowest-numbered *Pauwels* docket; (ii) appointing Mr. Nitcheu as Lead Plaintiff; and (iii) approving of his selection of Block & Leviton LLP to serve as Lead Counsel.

This motion is made on the grounds that Mr. Nitcheu is the most adequate plaintiff as defined by the PSLRA because he believes he possesses the largest financial interest in the relief sought by the class, having lost approximately $185,879.95 on his purchases of Bit Digital securities. Mr. Nitcheu's claims are also typical of the claims of the putative class, and he will fairly and adequately represent the interests of the class. Mr. Nitcheu is, therefore, the presumptive Lead Plaintiff.

Accordingly, the Court should consolidate the three related lawsuits, appoint Mr. Nitcheu as Lead Plaintiff, and approve of his selection of Block & Leviton as Lead Counsel.

**FACTUAL BACKGROUND**[1]

Bit Digital purports to be a holding company engaged in the bitcoin mining business through its wholly owned subsidiaries in the U.S. and Hong Kong. ¶ 2. On December 21, 2020, the start of the Class Period, Bit Digital announced its revised third quarter 2020 financial results. ¶ 18.

On January 11, 2021, at approximately 2:00 p.m. Eastern, analyst J Capital Research issued a report alleging, among other things, that Bit Digital operates "a fake crypto currency business" that is "designed to steal funds from investors." ¶ 3. Although the Company claims "it was operating 22,869 bitcoin miners in China," J Capital wrote that this "is simply not possible," and further wrote that "[w]e verified with local governments supposedly hosting the BTBT mining operation that there are no bitcoin miners there." *Id.* On this news, Bit Digital's stock price fell $6.27 per share, or approximately 25%, to close at just $18.76 per share on January 11, 2021, on unusually heavy trading volume. ¶ 4.

These lawsuits allege that Defendants[2] overstated the extent of the Company's bitcoin mining operation, and as a result, that their positive statements about Bit Digital's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶ 19.

**ARGUMENT**

I.  **The Court Should Consolidate These Actions**

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall

---

[1] The facts are taken from the Class Action Complaint for Violation of the Federal Securities Laws that was filed in the *Nitcheu* action, No. 1:21-cv-02262-ALC (ECF No. 1). References to "¶" refer to paragraphs of that Complaint.
[2] Defendants in these actions are Bit Digital, Min Hu (Bit Digital's former CEO, who was removed from that role on February 3, 2021, and who remains a Director), and Erke Huang (Bit Digital's CFO, Interim CEO, and Director). ¶¶ 12-14.

3

not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

There are currently three related securities class actions against Bit Digital pending in this District: *Pauwels v. Bit Digital, Inc., et al.*, No. 1:21-cv-00515-ALC, *Yang v. Bit Digital, Inc., et al.*, No. 1:21-cv-00721-ALC, and *Nitcheu v. Bit Digital, Inc., et al.*, No. 1:21-cv-02262-ALC. Consolidation is appropriate where, as here, the actions are pending in the same court and involve common questions of fact or law. *See* Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Moreover, cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. § 78u-(b)(ii).

These three actions assert the same claims based on the same or similar legal and factual allegations and allege a nearly identical Class Period.[3] Additionally, the interests of judicial economy weigh heavily in favor of consolidation given the substantial overlap of common questions of law and fact. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). The Court should therefore consolidate the above-captioned actions and any other subsequently filed or transferred shareholder actions that relate to the claims in this matter.

---

[3] The *Pauwels* and *Yang* lawsuits allege a class period ending on Friday, January 8, 2021. Mr. Nitcheu's lawsuit extended the class period by one trading day, to Monday, January 11, 2021. This is because the only corrective disclosure alleged in any of these actions occurred at approximately 2:00 p.m. on January 11, 2021. *See* ¶ 3. For purposes of determining which movant has the largest financial interests at this lead plaintiff selection stage, courts generally use the longest class on file. *See, e.g.*, *Hom v. Vale, S.A.*, No. 15-cv-9539, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) (noting that the general practice in conducting lead plaintiff motion practice is to use the "longer, most inclusive" class period available on the theory that it "encompasses more potential class members and damages").

**II.     The Court Should Appoint Mr. Nitcheu as Lead Plaintiff.**

   **A.     The Procedure Required by the PSLRA**

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, March 22, 2021), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

   **B.     Mr. Nitcheu Has Timely Moved for Lead Plaintiff Appointment**

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Nitcheu timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Nitcheu has signed a certification pursuant to the

5

PSLRA. *See* Block Decl.,[4] Ex. C. He has selected and retained qualified counsel to represent him and the proposed class. *See* Block Decl. Ex. F.

### C. Mr. Nitcheu Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, Mr. Nitcheu's accompanying signed certification and loss chart, Mr. Nitcheu incurred a substantial loss of approximately $185,879.95 on his class period transactions in Bit Digital securities. *See* Block Decl. Exs. C, D. At the time of this filing, Mr. Nitcheu believes that he possesses the largest financial interest of any movant seeking lead plaintiff status.

### D. Mr. Nitcheu Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "'Typicality "requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."' *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable

---

[4] References to the "Block Decl." are to the Declaration of Jeffrey C. Block, filed contemporaneously herewith.

and qualified to vigorously represent the interests of the class...." *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Mr. Nitcheu's claims are typical because, like all members of the class, he purchased or otherwise acquired Bit Digital securities during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. Mr. Nitcheu's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments to prove Defendants' liability.

Mr. Nitcheu is also an adequate representative for the proposed class. His substantial financial interest in the outcome of the action demonstrates that his interests are aligned with those of the class. Mr. Nitcheu has submitted a sworn declaration detailing his education, employment, and investment experience, and attesting to his understanding and willingness to fulfill the obligations of a lead plaintiff. Block Decl., Ex. E. Furthermore, Mr. Nitcheu has selected highly experienced counsel committed to zealously and efficiently prosecuting these actions to a successful conclusion. *See* Block Decl. Ex. F. Thus, Mr. Nitcheu satisfies the adequacy requirements of Rule 23(a)(4).

Because Mr. Nitcheu is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, the Court should appoint him Lead Plaintiff.

### III. The Court Should Approve of Mr. Nitcheu's Selection of Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Nitcheu has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Block Decl. Ex. F. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve of Mr. Nitcheu's selection of Block & Leviton as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Mr. Nitcheu respectfully requests that the Court: (i) consolidate the other securities fraud class actions against Bit Digital filed in this district under the lowest-numbered *Pauwels* docket; (ii) appoint Mr. Nitcheu as Lead Plaintiff; (iii) approve of Mr. Nitcheu's selection of Block & Leviton LLP as Lead Counsel; and (iv) grant such other relief as the Court may deem just and proper.

Dated: March 22, 2021                                             Respectfully submitted,

*/s/ Jeffrey C. Block*
Jeffrey C. Block
Stephen J. Teti
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
steti@blockleviton.com

*Attorneys for Mr. Nitcheu and Proposed Lead Counsel*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                                              */s/ Jeffrey C. Block*
                                              Jeffrey C. Block