UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY PAUWELS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>Defendants. | Case No. 1:21-cv-00515-ALC<br><br>CLASS ACTION |
| ZHONGXUN YANG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>Defendants. | Case No. 1:21-cv-00721-ALC<br><br>CLASS ACTION |
| JOSEPH FRANKLIN MONKAM NITCHEU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>Defendants. | Case No. 1:21-cv-02262-ALC<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF JOSEPH FRANKLIN MONKAM NITCHEU'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO THE COMPETING MOTION**

I.   INTRODUCTION

The PSLRA[1] creates a presumption that the "most adequate plaintiff" is the movant who "in the determination of the court, has the largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."[2] There is no dispute that Mr. Nitcheu is the movant entitled to that presumption, as he is typical, adequate, and has suffered far larger losses on his investments in Bit Digital, Inc. than the only other movant, Andre Johnson. Since Mr. Nitcheu is the presumptive lead plaintiff, and Mr. Johnson cannot rebut that presumption, the Court should appoint Mr. Nitcheu as Lead Plaintiff and approve of Mr. Nitcheu's selection of Block & Leviton LLP as Lead Counsel.

II.   COMPETING MOTIONS

Two movants filed motions for appointment as lead plaintiff on March 22, 2021:

| **Movant** | **Loss** | **Proposed Lead Counsel** |
|---|---|---|
| Mr. Nitcheu | $185,879.95 | Block & Leviton LLP |
| Mr. Johnson | $13,649.10 | The Rosen Law Firm, P.A. |

III.   ARGUMENT

A.  The Court Should Consolidate the Above-Captioned Actions.

For the reasons set forth in Mr. Nitcheu's motion, the Court should consolidate the *Pauwels*, *Yang*, and *Nitcheu* actions into the lowest-numbered *Pauwels* docket. See ECF No. 14 at 3-4. Mr. Johnson agrees that these cases should be consolidated. See ECF No. 12 at 4.

---

[1] Defined terms have the same meaning as those used in Mr. Nitcheu's opening brief (ECF No. 14).
[2] 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### B. The Court Should Appoint Mr. Nitcheu Lead Plaintiff.

#### 1. Mr. Nitcheu has the largest financial interest of any movant.

As the foregoing chart demonstrates, Mr. Nitcheu has the largest financial interest, by a considerable margin, of any lead plaintiff movant. In addition, as discussed below, Mr. Johnson has improperly included in his calculation losses associated with shares he bought and sold on the same day, January 5, 2021, six days before the only corrective disclosure alleged in these actions.[3] Regardless, Mr. Nitcheu's losses are nearly 14 times larger than Mr. Johnson's using the losses Mr. Johnson reported, and over 16 times larger than Mr. Johnson's actual recoverable losses.

#### 2. Mr. Nitcheu is a typical and adequate plaintiff.

When selecting a lead plaintiff, the Court is to determine whether the presumptive lead plaintiff (Mr. Nitcheu) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary

---

[3] Mr. Johnson mistakenly asserts that the Class Period ends on Friday, January 8, 2021, the Class Period alleged in the *Pauwels* and *Yang* actions. *See* ECF No. 12 at 2. However, Mr. Nitcheu filed the third above-captioned lawsuit extending the Class Period to end on Monday, January 11, 2021. *See* Case No. 1:21-cv-02262-ALC, ECF No. 1 at ¶ 1. This is because the only corrective alleged in all three actions occurred at approximately 2:00 p.m. on January 11, 2021. *See id.* at ¶ 3. Moreover, notice was disseminated detailing the extension of the Class Period to end on January 11, 2021. *See* ECF No. 15-2.

For purposes of determining which movant has the largest financial interest at this lead plaintiff selection stage, courts generally use the longest class period on file. *See, e.g.*, *Hom v. Vale, S.A.*, No. 15-cv-9539, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) (noting that the general practice in conducting lead plaintiff motion practice is to use the "longer, most inclusive" class period available on the theory that it "encompasses more potential class members and damages."). Here, there can be no dispute that the Class Period should run through January 11, 2021, given that the only corrective disclosure did not occur until the middle of that afternoon.

Even if the Class Period were to end on January 8, 2021, which it should not, and all of Mr. Nitcheu's January 11, 2021 purchases are excluded from his loss calculation, he still suffered losses of approximately $44,932.42, over three times more than Mr. Johnson.

showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted).

"'Typicality requires that the claims of the class representatives be typical to those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3).

Mr. Nitcheu satisfies the typicality requirement because he: (1) purchased shares in Bit Digital during the Class Period at allegedly inflated prices; and (2) suffered damages when Defendants' alleged misconduct came to light. Therefore, Mr. Nitcheu's claims are typical, and indeed, they are all but identical to those of other Class members, like the competing movants, who sustained damages as a result of the alleged misrepresentations and/or omissions during the Class Period.

"The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable of and qualified to vigorously represent the interests of the class . . . ." *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Mr. Nitcheu – the only movant who has filed a complaint in this litigation – will adequately protect the interest of the proposed Class. Mr. Nitcheu's interests and those of the proposed Class are closely aligned, as both have suffered damages as a result of Defendants' alleged materially untrue statements and omissions of fact. Moreover, by suffering the largest losses of any movant before the Court, Mr. Nitcheu has a significant interest in vigorously pursuing this action on behalf of the entire Class. There are no facts indicating the existence of any conflict of interest between Mr. Nitcheu and the absentee Class. Furthermore, as indicated in his opening brief (ECF No. 14),

Mr. Nitcheu has selected a law firm with extensive securities litigation experience. Importantly, Mr. Nitcheu submitted a sworn Declaration with his opening motion detailing his education, employment, and investment experience, and attesting to his understanding and willingness to fulfill the obligations of a lead plaintiff. *See* ECF No. 15-5.

Mr. Nitcheu therefore satisfies the typicality and adequacy requirements, and no competing movant has or can come forward with proof to the contrary. Mr. Nitcheu is, therefore, the presumptive Lead Plaintiff.

> **3. Mr. Johnson has failed to offer even *prima facie* evidence to support his adequacy as a proposed lead plaintiff and his recoverable losses are less than what he reported.**

Mr. Johnson, in addition to having just a small fraction of Mr. Nitcheu's losses, has failed to offer any evidence whatsoever to support his adequacy in this action. Indeed, Mr. Johnson has failed to provide even a modicum of information about himself for the Court to evaluate his lead plaintiff application. All Mr. Johnson has submitted in support of his motion is a template certification specifying his transactions in Bit Digital securities. *See* ECF No. 12-2. We know nothing of his educational background, investment experience, or personal history to assure that he will be an adequate class representative. This alone should disqualify him from consideration. *See, e.g.*, *Perez v. HEXO Corp.*, No. 19-cv-10965, 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.*, No. 19-cv-10965, 2020 WL 5503634 (S.D.N.Y. Sep. 11, 2020) ("given [movant's] failure to provide *any* information regarding his experience in his preliminary motion, the Court questions whether [movant] will meaningfully oversee and control the prosecution of this consolidated class action."). For all we know, Mr. Johnson may have mistakenly believed he needed to sign up with the Rosen Law Firm to "join this class action" to be able to recover his losses.

This stands in stark contrast to Mr. Nitcheu, who has submitted a detailed, sworn Declaration demonstrating his adequacy. *See* ECF No. 15-5. Indeed, Mr. Nitcheu has a Bachelor of Science degree in Applied Mathematics with a minor in Finance, as well as a Master's degree in Quantitative Finance. *Id.* at ¶ 2. Mr. Nitcheu has over 15 years of relevant investing and work experience. *Id.* at ¶ 3. And Mr. Nitcheu has demonstrated a thorough understanding of the responsibilities of lead plaintiff and his commitment to fulfilling such obligations. *Id.* at ¶¶ 7-12.

Furthermore, Mr. Johnson reports that he made three purchases during the Class Period. *See* ECF No. 12-2 (Johnson PSLRA Certification). His first two purchases were on January 5, 2021 – and he also sold these shares the same day. *Id.* This is significant because his losses from these transactions are most likely not recoverable since he sold them before the January 11, 2021 release of the J Capital Research report, the only corrective disclosure in this action. *See, e.g.*, *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) ("when evaluating a plaintiff's financial interest for purposes of selecting a lead plaintiff, courts in this Circuit consider that plaintiff's recoverable loss, and do not take into account losses from shares sold prior to corrective disclosures"); *Porzio v. Overseas Shipholding Grp.*, No. 12-cv-7948, 2013 WL 307678, at *3 (S.D.N.Y. Feb. 1, 2013) (denying lead plaintiff status to investor group where most of the stock purchased was sold before corrective disclosure). When the losses associated with his January 5, 2021 day trades are excluded from his loss analysis, Mr. Johnson's recoverable losses are actually $11,482.11, less than the $13,649.10 he reported. This means he actually has less than one-sixteenth of Mr. Nitcheu's financial interest in this litigation.

### C. The Court Should Approve of Mr. Nitcheu's Selection of Block & Leviton LLP as Lead Counsel.

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with

the Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Mr. Nitcheu has selected Block & Leviton LLP as Lead Counsel for the Class. As the firm's resume reflects, Block & Leviton is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* ECF No. 15-6. The Court may therefore be assured that by approving of Mr. Nitcheu's selection of counsel, the members of the Class will receive top legal representation.

### IV. CONCLUSION

Mr. Nitcheu has the largest financial interest of any lead plaintiff movant in this litigation. He has satisfied each of the PSLRA's requirements for appoint as lead plaintiff. The Court should therefore appoint Mr. Nitcheu as Lead Plaintiff and approve of his selection of Block & Leviton LLP as Lead Counsel.

Dated: April 5, 2021

Respectfully submitted,

*/s/ Jeffrey C. Block*
Jeffrey C. Block
Stephen J. Teti
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
steti@blockleviton.com

*Attorneys for Mr. Nitcheu and Proposed Lead Counsel*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                                                 /s/ *Jeffrey C. Block*
                                                 Jeffrey C. Block