**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY PAUWELS, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>      Defendants. | **CASE No.: 1:21-cv-00515-ALC**<br><br>**MEMORANDUM OF LAW OF ANDRE JOHNSON IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION**<br><br>**CLASS ACTION**<br><br>**ORAL ARGUMENT REQUESTED** |
| ZHONGXUN YANG, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>      Defendants. | **CASE No.: 1:21-cv-00721-ALC**<br><br>**CLASS ACTION** |

[Additional caption below]

| | |
|---|---|
| JOSEPH FRANKLIN MONKAM NITCHEU, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br><br>      v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>      Defendants. | **CASE No.: 1:21-cv-02262-ALC**<br><br>**CLASS ACTION** |

Lead Plaintiff Movant Andre Johnson ("Movant" or "Mr. Johnson") respectfully submits this opposition to the competing lead plaintiff motion. Dkt. No. 13.

## PRELIMINARY STATEMENT

Two lead plaintiff motions were filed in this Court seeking appointment as lead plaintiff and approval of lead counsel, on behalf of purchasers or acquirers of publicly traded securities of Bit Digital, Inc. ("Bit Digital" or the "Company") between December 21, 2020 and January 8, 2021[1], inclusive (the "Class Period").

Mr. Johnson lost approximately $13,649. Dkt. No. 12-3. As explained in his opening papers, Mr. Johnson is both typical and adequate. *See* Dkt. Nos. 12 and 12-2. Mr. Johnson is a resident of New York.

Joseph Franklin Monkam Nitcheu ("Mr. Nitcheu"), a resident of Switzerland, is the competing movant claiming a larger financial interest than Mr. Johnson. Dkt. Nos. 15-4 and 15-

---

[1] On March 16, 2021, less than one week before the noticed lead plaintiff deadline, Mr. Nitcheu filed a third substantially similar complaint. *Nitcheu v. Bit Digital, Inc., et al.,* Case No. 1:21-cv-02262-ALC (the *Nitcheu* Action), Dkt. No. 1. The *Nitcheu* Action expands the Class Period and this expansion is discussed throughout.

5 at 2. However, Mr. Nitcheu does not qualify as the presumptive lead plaintiff as he does not meet Rule 23's adequacy requirements.

As Mr. Johnson has the largest financial interest in this action *and* also *prima facie* satisfies the adequacy and typicality requirements of Rule 23, the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that Mr. Johnson is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## ARGUMENT

### I.      MR. NITCHEU IS INADEQUATE

#### A. MR. NITCHEU SUBMITTED DEFICIENT SWORN CERTIFICATIONS

Mr. Nitcheu filed the third substantially similar complaint on March 16, 2021, attaching a purported PSLRA certification. *Nitcheu v. Bit Digital, Inc., et al.*, Case No. 1:21-cv-02262- ALC (the *Nitcheu* Action), Dkt. No. 1-1. This PSLRA certification was inadequate. Instead of authorizing the filing of his complaint, Mr. Nitcheu *only* authorized the filing of a lead plaintiff motion:

> I have reviewed the complaint on file in this action against Bit Digital, Inc. (the "Company") and ***authorize the filing of a motion, pursuant to the Private Securities Litigation Reform Act of 1995, for appointment as lead plaintiff on my behalf***.

*Nitcheu* Action, Dkt. No. 1-1.

However, aside from being an incorrect certification signed under penalty of perjury, the PSLRA requires a certification that is filed with a complaint:

> (2) Certification filed with complaint
> (A) In general
> Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that—
> (i) ***states that the plaintiff has reviewed the complaint and authorized its filing***[.]

(Emphasis added.)

15 U.S.C. § 78u-4(a)(2)(A)(i).

With his lead plaintiff motion, Mr. Nitcheu filed a new PSLRA certification which states, in relevant part:

> I have reviewed the facts and allegations against Bit Digital, Inc. (the "Company") and **have authorized the filing of a complaint on my behalf**, as well as a motion, pursuant to the Private Securities Litigation Reform Act of 1995, for appointment as lead plaintiff on my behalf.

Dkt. No. 15-3.

Mr. Nitcheu did not provide any notice of his new PSLRA certification. Mr. Nitecheu did not mark his new PSLRA certification in any way to notify the Court, fellow class members, or any other party that his previously filed PSLRA certification was inadequate, incorrect, incomplete, or otherwise bad.

It appears that a conscious effort was made to bury this deficiency. Mr. Nitcheu's second PSLRA certification is not searchable. Dkt. No. 15-3. Whereas as his original deficient certification is searchable. *Nitcheu* Action Dkt. No. 1-1.

That said, Mr. Nitcheu's errors in his PSLRA certification "militate[s] against appointment and render[s] [Mr. Nitcheu] inadequate to serve as lead plaintiff under Rule 23's adequacy requirement." *Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (quoting *Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at *8 (S.D.N.Y. Mar. 13, 2018); see also *Bhojwani v. Pistiolis*, 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) (finding "carelessness about detail that undermines the adequacy of [Mr. Nitcheu] as a lead plaintiff.").

### B. MR. NITCHEU ENGAGED IN GAMESMANSHIP

Mr. Nitcheu's first PSLRA certification is also of interest as it is dated for March 9, 2021, one week before the *Nitcheu* Complaint was filed on March 16. *See Nitcheu* Action Dkt. Nos. 1 and 1-1 at 9. The noticed lead plaintiff deadline was March 22, 2021. Dkt. Nos. 12-1 and 15-1.

This means for one week Mr. Nitcheu neglected to file his complaint which sought to expand the Class Period—increasing his loss over 300% from $44,932.42 to $185,879.95. *See* Exhibit A, attached hereto. For one week, it appears, Mr. Nicheu kept absent class members in the dark about his future attempt to belatedly expand the Class Period to increase his losses.

Mr. Nitcheu's gamesmanship to manipulate the class period at the eleventh hour should not be rewarded. Courts in this District have consistently expressed their disinclination "to encourage lead plaintiff movants to file complaints with additional disclosure allegations in the eleventh hour, thereby precluding similarly-situated potential movants from identifying themselves to the Court." *Maliarov v. Eros Int'l PLC*, 2016 WL 1367246, at *4 (S.D.N.Y. Apr. 5, 2016). In *Eros*, as here, the lead plaintiff movant in question waited to file his complaint expanding the Class Period which meant individuals who would otherwise "be able to meet the requirements of a lead plaintiff motion" under the expanded disclosure date would be "precluded from filing such motions given the expiration of the PSLRA's time limit for doing so." *Eros*, 2016 WL 1367246, at *4 (citing *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 620 (S.D.N.Y. 2015)). In *Eros*, as here, "[t]he specter of gamesmanship on these facts causes the Court to question whether [Mr. Nitcheu] will 'fairly and adequately protect the interests of the class.'" *Eros*, 2016 WL 1367246, at *4 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).

Similarly, in *Plaut v. The Goldman Sachs Grp., Inc.*, the Court found a lead plaintiff movant inadequate who, like Mr. Nitcheu, had certification errors and filed a belated complaint

attempting to expand the Class Period. 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019). Because a "principal purpose of the PSLRA was to prevent just the kind of gamesmanship in which [Mr. Nitcheu] and [his] counsel have engaged here," the court found "it would be inappropriate to select [Mr. Nitcheu] as lead plaintiff." *Id.* at *5 (quoting *Gutman v. Sillerman,* 2015 WL 13791788, at *3 (S.D.N.Y. Dec. 8, 2015)); *see also Villare v. ABIOMED, Inc.,* 2020 WL 3497285, at *4 (S.D.N.Y. June 29, 2020) (noting lead plaintiff movants may "be encouraged to manipulate the class period so they had the largest financial interest"); *In re BP, PLC Sec. Litig*., 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010) (same); *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (same).

Here, Mr. Nitcheu has belatedly manipulated the Class Period to increase his losses while keeping the rest of the class in the dark as to his scheme.

*        *        *

To the extent the Court may still consider Mr. Nitcheu and his expanded class period, the Court should permit the parties to re-notice the expanded class period. Here, "new class members are entitled to notice regarding their claims and potential lead plaintiffs are entitled to a reasonable opportunity to identify themselves and present themselves for the Court's consideration[,]" thus "[the parties] must provide a new publication notice to members of the putative class akin to that described in the PSLRA ***and wait the requisite sixty days*** prior to filing a motion…" *Waldman v. Wachovia Corp.*, 2009 WL 2950362, at *1 (S.D.N.Y. Sept. 14, 2009); *see also Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.*, 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005) ("in deciding a motion for the appointment of lead plaintiff under the PSLRA, ***courts have an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA***.") (emphasis added) (quoting *Marsden v. Select Med. Corp.*, 2005 WL

113128, at *3 (E.D. Pa. Jan. 18, 2005)).

## II.    MR. JOHNSON SHOULD BE APPOINTED LEAD PLAINTIFF

Given Mr. Nitcheu's failure to demonstrate his adequacy the Court then turns its attention to movant with next largest financial interest, here Mr. Johnson. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 n.7 (S.D.N.Y. 2008) ("If [the movant alleging the greatest financial interest] does not satisfy the criteria of Rule 23, the Court must repeat the Rule 23 inquiry, this time considering the plaintiff with the next-largest financial stake. The Court so proceeds until it finds a plaintiff who is willing to serve and is able to satisfy the requirements of Rule 23."); *see also In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir.2002).

Because Mr. Johnson has the largest financial interest *and* has made prima facie showing and adequacy and typicality, he is the presumptive lead plaintiff. Dkt. Nos. 12 and 12-2; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb-cc); *see Varghese*, 589 F. Supp. 2d at 397.

To overcome the presumption entitling Mr. Johnson to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists nor has been proffered that Mr. Johnson is inadequate to be the Lead Plaintiff. As Mr. Johnson has made a *prima facie* demonstration of his typicality and adequacy, has the largest remaining financial interest, and no movant has rebutted the presumption with proof, Mr. Johnson should be appointed Lead Plaintiff and his selection of Lead Counsel should be approved.

## III.    MR. JOHNSON'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. §

78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese*, 589 F. Supp. 2d at 398; *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.")).

Here, Mr. Johnson has selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. The firm has the resources and expertise to litigate this action efficiently and aggressively. As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. No. 12-4. Indeed, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-lead counsel in numerous cases around the country has recovered hundreds of millions of dollars for investors. *Id.* In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen as the Number 3 securities class action firm both in terms of amount recovered for investors – $438,340,000 – and the number of settlements – 12.[2] Founding partner, Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[3]

Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## CONCLUSION

For the foregoing reasons, Mr. Johnson's motion should be granted in its entirety and the competing motion should be denied.

---

[2] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.
[3] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

Dated: April 5, 2021

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 5, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>