**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY PAUWELS, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>    Defendants. | **CASE No.: 1:21-cv-00515-ALC**<br><br>**REPLY MEMORANDUM OF LAW OF ANDRE JOHNSON IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION**<br><br>**CLASS ACTION**<br><br>**ORAL ARGUMENT REQUESTED** |
| ZHONGXUN YANG, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>    Defendants. | **CASE No.: 1:21-cv-00721-ALC**<br><br>**CLASS ACTION** |

[Additional caption below]

1

| | |
|---|---|
| JOSEPH FRANKLIN MONKAM NITCHEU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br><br>v.<br><br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>Defendants. | CASE No.: 1:21-cv-02262-ALC<br><br>**CLASS ACTION** |

Lead Plaintiff Movant Andre Johnson ("Movant" or "Mr. Johnson") respectfully submits this Reply Memorandum of Law in Further Support of his Lead Plaintiff Motion. Dkt. No. 10.

Only one other competing movant remains, Joseph Franklin Monkam Nitcheu ("Mr. Nitcheu"). Mr. Nitcheu is inadequate due to his deficient certification and gamesmanship. *See* Dkt. No. 17.

In contrast, Mr. Johnson has provided a correct PSLRA certification without issue. Dkt. No. 12-2. Mr. Johnson has also refrained from any gamesmanship understanding the position of Lead Plaintiff of the class is *on behalf of the Class*, not primarily on behalf of himself. Mr. Nitcheu advances two arguments in opposition—both of which are without merit.

<u>First</u>, Mr. Nitcheu asserts that Mr. Johnson "has failed to offer any evidence whatsoever to support his adequacy in this action." Dkt. No. 16 at 5. This is inaccurate as Mr. Johnson has provided all required information, fully complying with the PSLRA. *See* Dkt No. 12-2; *Veal v. LendingClub Corp.*, 2018 WL 5879645, at *4 (N.D. Cal. Nov. 7, 2018) ("'When the court makes [this] initial determination, it must rely on the ... complaint and sworn certification; there is no

adversary process to test the substance of those claims.'  [] As such, [Mr. Johnson] need only make a *prima facie* showing that [he] satisfies the Rule 23 requirements of typicality and adequacy.") (quoting *In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002)).

Further, Mr. Johnson is *not* required to provide background information. *Kaslingam v. Tilray*, 2020 WL 4530357, at * 3 (S.D.N.Y. Aug. 6, 2020) (rejecting argument that background information is required to make a preliminary showing of adequacy and typicality). Background information is typically required only when unrelated investors are joined to form a group. *See Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F.Supp.2d 388, 392 (S.D.N.Y. 2008). Indeed, by submitting proper lead plaintiff motion papers, and complying with the PSLRA, Mr. Johnson *has* shown his adequacy and typicality from his opening motion papers. Dkt No. 12-2; *In re Wrap Techs., Inc. Sec. Exch. Act Litig.*, 2021 WL 71433, at *3 (C.D. Cal. Jan. 7, 2021) (adequacy found from a PSLRA certification); *Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *6 (C.D. Cal. Sept. 29, 2017) (typicality found from a "sparse" PSLRA certification).

However, to ease any concerns the Court or Mr. Nitcheu may have, Mr. Johnson has provided a Declaration answering the exact questions Mr. Nitcheu purports to have. Ex. A hereto. Mr. Nitcheu states: "We know nothing of [Mr. Johnson's] educational background, investment experience, or personal history to assure that he will be an adequate class representative." Dkt. No. 16 at 5. Again, Mr. Johnson has provided this information that is not required. *See* Ex. A hereto. Mr. Johnson is a resident of New York, he has a few years of investing experience, he is an independent contractor, and has some welding college experience. *Id.*; *see also* Dkt. No. 17 at 2. It is also noteworthy that Mr. Nitcheu has not asked for this information, following the initial round of briefing nor even in his opposition briefing which implied he required this information. *See* Dkt. No. 16.

<u>Second</u>, perhaps to detract from his own deficient submission, Mr. Nitcheu outrageously speculates that "For all we know, Mr. Johnson may have mistakenly believed he needed to sign up with the Rosen Law Firm to 'join this class action' to be able to recover his losses." *Id*. This is false. Mr. Johnson understood lead plaintiff status is not required to secure compensation. Ex. A, ¶3 hereto ("I understood that lead plaintiff status was not required for me in order to secure a recovery.")

<u>Lastly</u>, while Mr. Nitcheu may have a larger financial interest than Mr. Johnson, financial interest is not the sole factor in assessing a lead plaintiff applicant. As explained in Mr. Johsnon's opposition, Mr. Nitcheu is inadequate and atypical and is an unsuitable lead plaintiff. *See* Dkt. No. 17. Because Mr. Johnson is the only movant that has a significant financial interest *and* is adequate and his claims typical, Mr. Johnson's motion should be granted and Mr. Nitcheu's motion should be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Mr. Johnson's motion should be granted in its entirety and the competing motion should be denied.

Dated: April 12, 2021                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
<u>/s/ Phillip Kim</u>
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

### CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim