UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY PAUWELS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>Defendants. | Case No. 1:21-cv-00515-ALC<br><br>CLASS ACTION |
| ZHONGXUN YANG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>Defendants. | Case No. 1:21-cv-00721-ALC<br><br>CLASS ACTION |
| JOSEPH FRANKLIN MONKAM NITCHEU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>Defendants. | Case No. 1:21-cv-02262-ALC<br><br>CLASS ACTION |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF JOSEPH FRANKLIN MONKAM NITCHEU'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

By every measure, Mr. Nitcheu has the undisputed largest financial interest in the relief sought in the above-captioned class actions, is typical and adequate, and is entitled to the PSLRA's lead plaintiff presumption. That presumption can be rebutted only by proof of inadequacy or atypicality. Competing movant Mr. Johnson offers nothing more than speculation—nothing even approaching the proof required to rebut the PSLRA's presumption. The Court should appoint Mr. Nitcheu as Lead Plaintiff and approve of his choice of Block & Leviton LLP as Lead Counsel.

I. **By every measure, Mr. Nitcheu has the largest financial interest in the relief sought by the class.**

Under the PSLRA, the first step in determining a lead plaintiff is to identify the investor who "in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u4(3)(B)(iii). As explained below, Mr. Johnson's claims that Mr. Nitcheu "manipulated" the class period and is engaged in "gamesmanship" by filing a complaint ending the class period on January 11, 2021 is a complete red herring.[1] Even if the Court only looks at the class period from the first two filed complaints, ending the class period on January 8, 2021, Mr. Nitcheu's losses are still over three times greater than Mr. Johnson's losses. There is no dispute[2] that under any measure, Mr. Nitcheu has the largest loss:

| Class Period | Nitcheu Losses | Johnson Losses | How much larger are Nitcheu's losses? |
|---|---|---|---|
| 12/21/20 – 1/11/21 | $185,879.95 | $13,649.10 | 13.6x |
| 12/21/20 – 1/8/21 | $44,932.42 | $13,649.10 | 3.3x |

---

[1] The corrective disclosure in this action came out during the trading day on January 11, 2021 at approximately 2:00 p.m. Eastern. Anyone who purchased Bit Digital stock on January 11, 2021 prior to 2:00 p.m. purchased at inflated prices and should be part of the class.

[2] In fact, Mr. Johnson's losses are inflated by his day trading on January 5, 2021, which losses could not have been caused by the only pleaded corrective disclosure in this case, which occurred on January 11, 2021. When those trades are eliminated, Mr. Johnson's losses are only $11,482.11. Of course, Mr. Nitcheu's losses dwarf Mr. Johnson's even in the light most favorable to Mr. Johnson.

**II.     Mr. Nitcheu has made the requisite showing of typicality and adequacy.**

As discussed in his opposition brief,[3] Mr. Nitcheu made the requisite preliminary showing of typicality and adequacy. He purchased Bit Digital shares in the open market at prices allegedly inflated by the false and misleading statements. His adequacy is easily demonstrated by not only selecting competent counsel, but because Mr. Nitcheu is the only investor who will seek to protect the rights and interests of those who purchased shares on January 11, 2021 before the corrective disclosure was issued.

Mr. Johnson confirms his inadequacy by implicitly arguing against a class period that would foreclose investors who purchased on January 11, 2021 before 2:00 p.m. from any possibility at a recovery—all to serve Mr. Johnson's (and his lawyers') interests in being appointed Lead Plaintiff (and Lead Counsel). If Mr. Johnson is appointed, based on the position he and his counsel are taking on this motion, it is doubtful that he will seek a recovery for purchasers on January 11, 2021, unfairly cutting off the rights of investors who were harmed by Defendants' alleged fraud. That is the very definition of inadequacy.

In sum, Mr. Nitcheu has the largest financial interest and is otherwise typical and adequate. He is therefore the presumptive lead plaintiff.

**III.    Mr. Johnson has not offered the proof required to rebut the presumption that Mr. Nitcheu is the most adequate plaintiff.**

To unseat Mr. Nitcheu as the most adequate plaintiff, the PSLRA requires Mr. Johnson to offer *proof* that Mr. Nitcheu is either inadequate or atypical. 15 U.S.C. § 78u4(a)(3)(B)(iii). Yet Mr. Johnson provides nothing more than speculation—not proof. His attempt to rebut the presumption fails, and Mr. Nitcheu should be appointed lead plaintiff.

---

[3] ECF No. 16.

### A. Mr. Nitcheu's PSLRA certification was not "deficient."

Mr. Nitcheu filed his own complaint on March 16, 2021. *Nitcheu* Dkt., ECF No. 1. As discussed below, he filed for the sole purpose of correcting an error contained in the two first-filed cases: the only corrective disclosure alleged in the case occurred at approximately 2:00 p.m. Eastern on Monday, January 11, 2021, but the first filed complaints inappropriately cut the class period off prematurely at the close of trading on Friday, January 8, 2021. Mr. Nitcheu therefore seeks to protect his rights and the rights of all other investors who purchased on January 11, 2021 before 2:00 p.m.

Mr. Johnson now takes issue with a minor difference between the certification filed with Mr. Nitcheu's complaint on March 16, 2021 and the one filed with his motion for lead plaintiff on March 22, 2021. But Mr. Johnson fails to explain how he or anyone else was prejudiced by this extremely minor difference, nor how it makes Mr. Nitcheu inadequate to prosecute the case.

To be clear, all of Mr. Nitcheu's transactions in Bit Digital common stock are contained in both certifications. There is no claim—nor could there be—that Mr. Nitcheu failed to reveal stock transactions which could affect his losses. Instead, Mr. Johnson argues that because the certification filed with Mr. Nitcheu's complaint did not specifically say that he reviewed his complaint and authorized its filing—even though the certification filed with his lead plaintiff motion said he did authorize the filing—that this somehow rises to the level of proof sufficient to rebut the PSLRA's presumption that Mr. Nitcheu is the most adequate plaintiff. Not so.

Attached to Mr. Nitcheu's March 16, 2021 complaint was a PSLRA certification dated March 9, 2021. *Nitcheu* Dkt., ECF No. 1-1. That certification stated that Nitcheu had "reviewed the complaint on file," but did not specify that one of the complaints on file was his own. When he moved to be considered as lead plaintiff, Mr. Nitcheu filed a substantially similar PSLRA certification: it lists exactly the same transactions as the March 9 certification. Nothing else about

the certification changed except that the certification was dated March 11, 2021 and specifically referenced Mr. Nitcheu's already-filed complaint. ECF No. 15-3 at ¶ 1 ("[I] . . . have authorized the filing of a complaint on my behalf.").

Mr. Johnson argues that these facts show that Mr. Nitcheu's March 9-dated certification was somehow "inadequate, incorrect, incomplete, or bad," and suggests that because the second-filed, March 11-dated certification was "not searchable," it somehow shows that Mr. Nitcheu made a "conscious effort" to "bury this deficiency." Johnson Opp.[4] at 4. Nonsense!

Counsel for Mr. Nitcheu obtained the March 9 certification from him when they had reason to believe another class member was going to file a complaint that corrected the mistake made in the initial two complaints on file. Supp. Block Decl. ¶ 1.[5] When it became clear to counsel that a new case was not going to be filed, counsel obtained the slightly-modified March 11 certification from Mr. Nitcheu and began to prepare a complaint to be filed on his behalf. That March 11 certification should have been filed with Mr. Nitcheu's complaint, but was not because of a clerical error resulting from an attorney's unexpected absence. Supp. Block Decl. ¶¶ 2-3. Despite Mr. Johnson's speculation, there was no attempt to "bury" any deficiency, nor would there have been any reason at all for counsel to try to "bury" such a minor change. Supp. Block Decl. ¶ 4.

Mr. Johnson does not (and cannot) explain how anyone has been prejudiced by this. He cites to two cases, but neither one is remotely similar to the facts present here. In *Goldman Sachs*, a movant's certification filed along with their motion for appointment as lead plaintiff omitted numerous transactions, which were corrected only after the initial lead plaintiff filing. *Plaut v.*

---

[4] Johnson Opp. (ECF No. 17.)
[5] References to the "Supp. Block Decl." are to the Supplemental Declaration of Jeffrey C. Block in Further Support of Joseph Franklin Monkam Nitcheu's Motion for Appointment as Lead Plaintiff, filed contemporaneously herewith.

4

*Goldman Sachs Grp., Inc.*, No. 18-cv-12084, 2019 WL 4512774, at *5 (S.D.N.Y. Sep. 19, 2019). Here, all of Mr. Nitcheu's transactions were accurately and consistently reported in *both* certifications, filed before and concurrent with his lead plaintiff motion. *Bhojwani* is similarly unhelpful to Mr. Johnson. There, a lead plaintiff movant submitted numerous revised versions of his transactions and continuously recalculated his losses throughout the time lead plaintiff motions were being briefed. *Bhojwani v. Pistolis*, No. 06-cv-13761, 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007). Even at the time the lead plaintiff motion was decided in *Bhojwani*, the Court found that the movant's corrected data "still do not quite add up." *Id.*, at *3. Here, unlike in those cases, both versions of Mr. Nitcheu's certification accurately reflect his transactions in Bit Digital, and there have been no changes at any time to any of the substance of his certification. Mr. Johnson does not raise any argument to the contrary.

The minor difference between the certification filed with Mr. Nitcheu's complaint and the one filed with his motion offers no reason to find Mr. Nitcheu inadequate. *See Vladimir v. Bioenvision, Inc.*, No. 07-cv-6416, 2007 WL 4526532, at *9 (S.D.N.Y. Dec. 21, 2007) (noting the Court can ignore arguably technical defects in a certification); *Lucas v. United States Oil Fund LP*, No. 20-cv-4740, 2020 WL 5549719, at *5 (S.D.N.Y. Sept 16, 2020) (allowing the filing of a revised certification even after the lead plaintiff deadline).

>   **B.   Mr. Nitcheu's complaint fixed an error in the cases already on file; it was not "gamesmanship" and there is no need to re-notice the class period.**

Mr. Johnson accuses Mr. Nitcheu of "gamesmanship" to "manipulate the class period" at the last minute. Johnson Opp. at 5. Not so. Mr. Nitcheu filed a complaint on March 16, 2021 that extended the class period from the close of trading on Friday, January 8, 2021 to 2:00 p.m. on January 11, 2021 (*i.e.,* four and a half trading hours later). Nitcheu Compl. ¶¶ 1, 34. This is because the *only* corrective disclosure alleged in the two complaints on file (the publication of J Capital

5

Research's report) did not occur until approximately 2:00 p.m. on January 11, 2021. *Id.*; Pauwels Compl. ¶ 3; Yang Compl. ¶¶ 4, 19.

Mr. Nitcheu's complaint therefore protects the class by including purchasers of *all* Bit Digital securities that occurred after the alleged false statements were made and before any alleged corrective disclosure. Mr. Nitcheu's complaint was filed one week before the lead plaintiff deadline and did not add *any* additional substantive allegations beyond the timing of the already pleaded J Capital corrective disclosure. It did *not* allege additional earlier false statements; it did *not* allege a new or different corrective disclosure; it did not change the theory of the case. In this way, it is wholly different than the cases cited by Mr. Johnson. Those cases involved plaintiffs who sought to extend a case (and thus increase their estimated losses) by alleging new and earlier false statements, or alleging additional corrective disclosures at the last minute, or changing the theory of the case:

- *Maliarov v. Eros International PLC*, No. 15-cv-8596, 2016 WL 1367246 (S.D.N.Y. Apr. 5, 2016): new complaint filed on *last day* of class period alleging *additional* corrective disclosures on additional, new dates;

- *Plaut*, 2019 WL 4512774 (S.D.N.Y. Sep. 19, 2019): movant filed complaint twenty days *after* lead plaintiff deadline had passed alleging two *additional* corrective disclosures on new dates; and

- *Villare v. ABIOMED, Inc.*, No. 19-cv-7319, 2020 WL 3497285 (S.D.N.Y. June 29, 2020): movant filed complaint that alleged additional false statements which would have extended the class period back over a year; the Court found the additional alleged false statement allegations frivolous.

None of these three cases remotely help Mr. Johnson. And the two others cited by Mr. Johnson (Johnson Opp. at 6) actually support Mr. Nitcheu: *In re: BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428 (S.D. Tex. 2010), and *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620 (E.D. Wisc. 2009), both stand for the proposition that a Court should use the longest class period alleged unless its allegations are "obviously frivolous." Mr. Johnson does not (and cannot) argue that here.

Finally, in a half-hearted attempt to delay the inevitable, counsel for Mr. Johnson suggests that the Court allow parties to "re-notice the expanded class period." Johnson Opp. at 6. For the same reasons that there was no gamesmanship, there is no need to issue a new notice here. *First*, as explained, Mr. Nitcheu's complaint simply corrected an error in the two earlier-filed complaints, it did not substantively change the theory of the case. *Second*, Mr. Nitcheu promptly published notice of the expanded class period. ECF No. 15-2.

The cases cited by Mr. Johnson where a court ordered a new PSLRA notice are far afield: the court ordered a new notice in *Wachovia* because a new complaint completely changed the theory of the case and greatly expanded the types of securities at issue in the case. *Waldman v. Wachovia Corp.*, No 08-cv-2913, 2009 WL 2950362, at *1 (S.D.N.Y. Sep. 14, 2009). *Bombardier* also involved an amended complaint that was "substantially broader" than the one first-filed and noticed. *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, No. 05-cv-1898, 2005 WL 1322721, at *1 (S.D.N.Y. June 1, 2005).

Furthermore, purchasers of Bit Digital shares who lost money upon the publication of the J Capital report were adequately on notice of the claims in this case. Attorneys published at least 352 press releases about the case on various newswires, including 63 press releases that were issued *after* Mr. Nitcheu filed his complaint. Supp. Block Decl., Ex. A (list of press releases

7

associated with Bit Digital from CBS Marketwatch). There is simply no need to extend the notice period in this case, and no reason to believe it would lead to a different result.

Plus, even if the Court were to only consider the shorter class period, ending January 8, 2021, Mr. Nitcheu still has a substantially greater loss than does Mr. Johnson. The Court should deny Mr. Johnson's "hail mary" request for re-noticing the class should.

### IV. Mr. Johnson has not made a *prima facie* showing of adequacy.

While it is not relevant because the presumption has not been rebutted against Mr. Nitcheu, Mr. Johnson has also failed to make a *prima facie* showing of adequacy. Unlike Mr. Nitcheu, who filed a declaration explaining his background, along with his understanding of the case and the process of serving as a lead plaintiff, ECF No. 15-5, Mr. Johnson has said *nothing*. He did not submit any information about his background, education, experience, or personal history that would allow the court to make even the initial determination of his adequacy required to appoint him lead plaintiff. Nitcheu Opp. at 5; *Perez v. HEXO Corp.*, No. 19-cv-10965, 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.*, No. 19-cv-10965, 2020 WL 5503634 (S.D.N.Y. Sep. 11, 2020) ("given [movant's] failure to provide any information regarding his own experience in his preliminary motion, the Court questions whether [movant] will meaningfully oversee and control the prosecution of this consolidated class action."). Mr. Johnson is therefore inadequate.

### V. Conclusion

Mr. Nitcheu has the largest financial interest in the relief sought by the Class. He made a *prima face* showing of typicality and adequacy, entitling him to the PSLRA's lead plaintiff presumption. Mr. Johnson has not provided the required proof to rebut that presumption, and is in any event inadequate. The Court should therefore appoint Mr. Nitcheu as Lead Plaintiff and approve of his choice of Block & Leviton LLP as Lead Counsel.

Dated: April 12, 2021

Respectfully submitted,

/s/ *Jeffrey C. Block*
Jeffrey C. Block
Stephen J. Teti
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
steti@blockleviton.com

*Attorneys for Mr. Nitcheu and Proposed Lead Counsel*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                                      */s/ Jeffrey C. Block*
                                      Jeffrey C. Block