# KAGEN, CASPERSEN & BOGART PLLC
ATTORNEYS ADMITTED IN NEW YORK, NEW JERSEY AND CALIFORNIA

757 THIRD AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10017
(212) 880-2045
(646) 304-7879 (FACSIMILE)

September 3, 2021

By ECF Filing
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 13067
New York, NY 10007

   Re: *In re Bit Digital, Inc. Securities Litig.* (1:21-cv-00515-ALC)

Dear Judge Carter:

  I am counsel for Defendants in the above-referenced action. I write pursuant to Individual Practice Rule 2(A) to request a pre-motion conference and to set forth Defendants' bases to move to dismiss Plaintiffs' Consolidated Class Action Complaint (the" CAC"). (Dkt. No. 24).

## Background

  Defendant Bit Digital, Inc. ("Bit Digital") is a bitcoin mining company. Bitcoin is a digital currency. Mining is performed by specialized computers, referred to as "miners," that solve complex algorithms. When a problem is solved a set number of bitcoin is awarded to the party that solved the problem. Bit Digital generates revenues by providing computing power to bitcoin mining pools. In exchange Bit Digital receives a fractional share of any bitcoin awarded to the pool based on the proportion of computing power it contributed. For the three months ended June 30, 2021, its most recent reporting period, Bit Digital reported having received 562.94 bitcoins, on which it recognized revenue of $28,342,694. Defendant Erke Huang is the Chief Financial Officer of Bit Digital.

## The CAC

  The CAC asserts two claims. Count One asserts, as against both Bit Digital and Huang, a claim under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder. Count Two asserts, as against Huang, a claim for control person liability under Section 20(a) of the Exchange Act.

## Grounds For Dismissal

  Defendants anticipate moving to dismiss both Counts asserted in the CAC. Count One is subject to dismissal on the grounds that (i) the CAC fails to adequately allege that Defendants made a misstatement or omission of material fact, and that (ii) the CAC fails to adequately plead scienter.

## Failure To Plead An Actionable Misstatement Or Omission

  Count One is based exclusively on statements contained in a December 21, 2020 press release announcing Bit Digital's third quarter financial results (the "3Q20 Press Release"). The CAC alleges that the 3Q20 Press Release contained three material misrepresentations.

*First*, the CAC alleges that certain statements describing Bit Digital's operations in China were false because under Chinese law companies are required to register with the government to operate a bitcoin mining business and, according to a report published by J Capital Research USA, LLC ("JCap" and the "JCap Report"), alleged government officials from locations where Bit Digital described having operations told JCap that Bit Digital was not registered to do business in their jurisdictions.

*Second*, the CAC alleges that certain statements describing the number of miners operated by Bit Digital were false because, according to the JCap Report, the major bitcoin mining manufactures in China told JCap that they had never heard of Bit Digital.

*Third*, the CAC alleges that certain statements describing Bit Digital's acquisition of an entity referred to as "XMAX" were misleading because Bit Digital failed to disclose (i) that Bit Digital acquired XMAX from an individual, Yu Hong ("Hong"), who Bit Digital appointed as an officer two weeks after the acquisition, that (ii) according to the JCap Report, the seller and XMAX had been the subject of past fraud allegations, and that (iii) according to the JCap Report, the seller had discontinued XMAX's operations because its miners had been confiscated by the Chinese government.

The claim of falsity for the first two alleged misrepresentations is based entirely on supposed statements attributed to anonymous sources in the JCap Report. They are based on statements supposedly made by unidentified government officials and corporate representatives. Those alleged statements are not sufficient to plead falsity because the CAC does not plead any factual basis for believing that the unidentified source would have known the relevant facts. Nor does it plead any independent facts corroborating the anonymous source's statements.

The third alleged misrepresentation suffers the same defect in that it relies entirely on unnamed sources cited in the JCap Report for its claims that Hong is "an original investor" in and "appears to control" XMAX. The JCap Report relies on a collection of unreliable sources for its claims that XMAX is a fraud. The CAC does not plead any basis for believing that the supposed sources on which the JCap Report relied would likely to have known whether Hong owned XMAX (which he did not), whether the entity acquired by Bit Digital is the same entity (which it is not) that is the subject of the negative press reports on which the JCap Report relied. Moreover, even if that were assumed to be true, Bit Digital would not have had a duty to disclose the existence or content of the sources on which JCap Report relied (e.g. supposed press reports).

Scienter

A plaintiff can adequately plead scienter only by alleging facts (1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness.

Here, the CAC does not allege in any respect that Defendants had any motive to commit fraud. For instance, it does not allege that Huang bought or sold Bit Digital stock during the class period. Instead, the CAC attempts to plead scienter by alleging supposed circumstantial facts of conscious misbehavior. None, taken separately or as a whole, gives rise to a strong inference of scienter.

*First*, the CAC alleges that, based on his position, Huang knew that the statements in the 3Q20 Press Release were false.  Accusations founded on nothing more than a defendant's corporate position are, however, given no weight in evaluating the sufficiency of a Plaintiff's scienter allegations.

*Second*, the CAC alleges that Bit Digital overstated the qualifications of certain of its officers and directors and omitted to disclose material adverse information about certain of them.  Courts in this district have concluded that statements concerning officers' credentials that allegedly omit other facts concerning their credentials are not actionable without a specific obligation to make such a disclosure.  Nor are omissions regarding an officer's credentials actionable unless they render the affirmative disclosures concerning the officers' credentials misleading.  Neither is present here.  Moreover, the allegations regarding the purportedly omitted information are based entirely on the unreliable JCap Report.

*Third*, the CAC alleges that the resignations of certain of Bit Digital auditors are circumstantial evidence of fraud.  But it is well-established that the resignation of an auditor does not raise a strong inference of scienter absent allegations, absent in the CAC, of non-speculative facts linking the resignation to the alleged fraud.  There are more plausible explanations for the auditor resignations – namely, a lack of familiarity with the bitcoin mining business, and the Covid pandemic, which prevented a U.S. based auditor from physically inspecting Bit Digital's operations.

*Fourth*, the CAC alleges that Bit Digital failed to correct material weaknesses in its internal controls before issuing the 3Q20 Press Release.  No facts are alleged to support that.  Where a company discloses material weaknesses in its internal controls contemporaneously with the making allegedly fraudulent statements, courts have found that such weaknesses are not evidence of scienter.

Fifth, the CAC alleges that an inference of scienter is supported by the facts that (i) certain of Bit Digital's former executives had engaged in unrelated criminal fraudulent schemes, and that (ii) certain of Bit Digital's officers resigned or were removed after the JCap Report was published.  But the CAC acknowledges that the two officers in question were removed as officers of the company before Bit Digital launched its bitcoin mining business, and there is no allegation of fact suggesting that either had any role in preparing the 3Q2020 Press Release or have any involvement in the company operations or financial reporting.  Courts in this District have held that resignation, without facts linking the resignation to the fraud, is insufficient to show a strong inference of scienter.

### Section 20 Claim

Bit Digital anticipates moving to dismiss Count Two, for control person liability, on the following three bases:  *First*, there can be no secondary liability under Section 20 of the Exchange Act if there is no primary violation under Section 10 of the Exchange Act.  *Second*, the Amended Complaint fails to allege particularized facts of Huang's supposed culpable participation in the alleged underlying Section 10 violations.  *Third*, the Amended Complaint fails to allege facts that would establish that Huang exercised control over Bit Digital.

Respectfully Submitted,

Stuart Kagen

3