LATHBitO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE BIT DIGITAL, INC.
SECURITIES LITIGATION,

                                        21 Civ. 515 (ALC)

                                        Telephone Conference
------------------------------x
                                        New York, N.Y.
                                        October 29, 2021
                                        11:30 a.m.

Before:

              HON. ANDREW L. CARTER, JR.,

                                        District Judge

                     APPEARANCES

BLOCK & LEVITON LLP
     Attorneys for Consolidated Plaintiffs Nitcheu
BY:  JACOB ALLEN WALKER

KAGEN, CASPERSEN, & BOGART PLLC
     Attorneys for Defendant Bit Digital
BY:  STUART KAGEN
     JOEL MALEN TAYLOR
     CHRISTOPHER BRADFORD GREENE

|    |                                                                          |
|----|--------------------------------------------------------------------------|
| 1  | (The Court and all parties present remotely)                             |
| 2  | THE DEPUTY CLERK:  Civil cause for telephone                             |
| 3  | pre-motion conference in case No. 21 Civ. 515, In Re Bit                 |
| 4  | Digital Inc. Securities Litigation.                                      |
| 5  | Counsel, please state your appearance for the                            |
| 6  | plaintiffs.                                                              |
| 7  | MR. WALKER:  This is Jacob Walker of Block & Leviton,                    |
| 8  | on behalf of lead plaintiff Nitcheu.                                     |
| 9  | THE DEPUTY CLERK:  And for defendants?                                   |
| 10 | MR. KAGEN:  Yes.  For the defendants, your Honor, we                     |
| 11 | have -- you have Stuart Kagen, Joel Taylor, and Christopher              |
| 12 | Greene, from Kagen, Caspersen & Bogart, PLLC.                            |
| 13 | THE DEPUTY CLERK:  Thank you.                                            |
| 14 | THE COURT:  All right.  Good morning.                                    |
| 15 | I've reviewed the letter briefing regarding the                          |
| 16 | request from the defendant to seek dismissal of the complaint.           |
| 17 | The general outline of the motion defendant plans to file and            |
| 18 | plaintiffs' response is clear enough from the letters, so I              |
| 19 | won't have the parties walk through that again.                          |
| 20 | I do have a couple of questions.  I guess, first, have                   |
| 21 | the parties engaged in some sort of settlement discussions               |
| 22 | regarding this matter at all?  Let me hear from the plaintiffs           |
| 23 | first.                                                                   |
| 24 | MR. WALKER:  This is Jacob Walker for plaintiff.                         |
| 25 | No, your Honor, we have not.                                             |

1        THE COURT:  Can I get a sense from the parties as to
2   why that is?  Is that because the parties simply are not
3   interested in settling at all?  Is it because the parties need
4   to first have this motion resolved?  Is it just that the
5   plaintiffs haven't made a demand?  Where are we?  I just don't
6   want to be in a situation in which it's like a seventh grade
7   dance, and no one wants to go first.
8        So let me get a sense from plaintiff if they're
9   interested in settlement, and let me get a sense from
10  defendants if you're interested in pursuing settlement.  Let me
11  hear from plaintiffs' counsel first.
12       MR. WALKER:  Thank you, your Honor.  Again, Jacob
13  Walker.
14       You know, we're always interested in talking about
15  resolving an action and understand the risks that are involved
16  in this kind of securities litigation.  My general experience
17  is that it is often difficult to have those discussions in a
18  case that is governed by the PSLRA before a motion to dismiss
19  is decided.  It's such a key point, key moment in the case.
20  There's, obviously, the PSLRA discovery stay, and so it's such
21  an early stage in the litigation that, absent special facts, it
22  is rare for us to engage in substantive settlement discussions
23  prior to a motion to dismiss being decided.  That being said,
24  we'd be happy to do so.
25       THE COURT:  Defense counsel, any thoughts on this?

1          MR. KAGEN:  Yes, your Honor.  By the way, good
2     morning.  This is Stewart Kagen speaking for defendants.
3          I would say that we're always open to a discussion
4     about settlement.  We haven't received any outreach from
5     plaintiffs' counsel, as plaintiffs' counsel said, and that's
6     fine.  But we're certainly open to a discussion with
7     plaintiffs' counsel if they choose to do so.  We do, however,
8     think that a decision from your Honor on our pending motion
9     will be very helpful.
10         THE COURT:  So let me find out from counsel if you
11    think -- so we can go about this efficiently, do you think it
12    makes sense to give counsel an opportunity to take a shot at
13    settlement before the motion is filed?  I'll let you know, I'm
14    going to -- I intend to allow defense counsel to file this
15    motion if they wish to file this motion.
16         Does it make sense to give the parties a shot at
17    settlement first, and then, if that doesn't work, we can
18    revisit it depending on the outcome of the motion to dismiss,
19    or do counsel think it makes sense at this point just to have
20    the motion to dismiss briefed and decided first?
21         Let me hear from plaintiffs' counsel.
22         MR. WALKER:  Thank you, your Honor.
23         We'd be happy to engage in those discussions, and if
24    it makes sense, to just put the deadline for filing that
25    initial motion out a bit for us to have some time to have some

1   substantive discussions.  My best guess is that we would know
2   pretty quickly whether or not there's a chance to resolve the
3   action.  So I don't think we need a lot of time, but we'd
4   certainly be open to spending a little bit of time in a
5   discussion with the defendants to determine whether there's
6   even a reason to move forward to potentially a private
7   mediation, or something like that.  We would certainly be open
8   to having those discussions, and I'd be happy to reach out to
9   defense counsel to get those started if they're in agreement
10  and want to put the deadline for the initial filing off by a
11  bit.
12              THE COURT:  Let me hear from defense counsel on this.
13              MR. KAGEN:  Yes, your Honor.  I think, while
14  defendants are always open to settlement conversations, and
15  we're certainly open to hearing from plaintiff, my best
16  guess -- given the sort of damages that are claimed in a class
17  action securities complaint, my best guess is it would be most
18  fruitful if our motion is heard and decided by your Honor
19  before these conversations move forward.
20              MR. WALKER:  Your Honor, this is Jacob Walker for
21  plaintiff.
22              I'm not surprised to hear that, and that probably
23  answers the question.  It may well just make sense to proceed
24  to the motion to dismiss because it's probably difficult for us
25  to come to a resolution where defendants believe in the

1  strength of their motion to dismiss, just as we believe in the
2  strength of our position.  And so hearing that from defense
3  counsel, kind of reading the tea leaves, I think it's probably
4  a more fruitful conversation after a decision.
5          THE COURT:  That's fine.  We'll go ahead and set a
6  briefing schedule for the motion to dismiss.  Before I do that,
7  I do have just a question for defense counsel regarding your
8  pre-motion conference letter.
9          It seems that in your motion you were going to take
10 issue with the fact that some of the sources that the plaintiff
11 is relying on are anonymous sources.  Can you just give me a
12 little bit further elucidation as to the importance of the fact
13 that these sources are anonymous as opposed to named, why that
14 matters a great deal or some, or can you tell me more about the
15 importance of the anonymity of these sources?
16         MR. KAGEN:  Yes, your Honor.  But to be more specific
17 about it, if I might, it's not merely that the sources are
18 anonymous.  As your Honor has correctly noted, we note that
19 issue.  It's that the plaintiffs in this case did no
20 independent investigation.  Zero.  So it's not as if, your
21 Honor, they spoke to Mr. X, an anonymous individual, who told
22 them certain things, and they put that in the complaint.  That
23 may or may not pass muster under certain case law.  They didn't
24 do that here.  They just read a short seller research report
25 that was blasted out to the Internet and copied it.  So, your

1   Honor, it's not as if they have an anonymous source.  They have
2   no source because they didn't talk to anyone.  There's no
3   allegation that they spoke to a soul.  So that's the first
4   issue.  It's not as if they have and are relying on sourcing
5   here.  They don't have any source other than the reading of a
6   short seller report that they just copied.
7           The second issue, however, is let's assume arguendo
8   that they did speak to somebody, which, of course, they did
9   not.  They did not, I reiterate, and that's a main point of our
10  motion to dismiss.  It's not sufficient for a party to do no
11  reasonable research.  Under not only securities law but basic
12  law in federal court, a party has a duty to investigate.  A
13  party can't just cut and paste a thing.  But even had they done
14  an investigation, which they did not do, case law in the
15  Southern District and elsewhere has indicated that a court
16  cannot rely, for a motion to dismiss under the Reform Act of
17  1995, on a source unless the plaintiff has pleaded
18  particularized facts to show that that witness, that source,
19  they have to show, and I'll indicate from a case, a high
20  likelihood that the source actually knew the facts underlying
21  the allegations.  So, in other words, it's not sufficient in a
22  securities case for a party to say:  I spoke to Mr. X and
23  inventory was low, and it turns out that Mr. X was a secretary
24  working in accounts payable and would have no knowledge of that
25  fact.  That is insufficient to plead a securities claim.  And

1    there are a multitude of cases in this district and otherwise
2    recent that have so held.  That is the importance of anonymity.
3            But I wish to reiterate for the Court, because it's
4    very important that the Court looks at this complaint, it's as
5    if they have -- they don't have any sourcing, zero sourcing.
6    They just have, by their own allegations, a public document
7    that they assume is true and cut and pasted it into their
8    complaint.  That's all they've got.
9            THE COURT:  OK.  Thank you for that clarification.
10           I'll give the plaintiffs a chance to respond.  Again,
11   I'm not deciding the motion now.  The motion hasn't been filed.
12   I just want to get a clearer preview of what I'm going to be
13   getting in this motion.
14           Do the plaintiffs have any response at this point?
15   I'm sure you'll respond when it's time for you to file your
16   response to the motion.  Do the plaintiffs have anything to say
17   about that now?
18           MR. WALKER:  Sure.  Again, Jacob Walker, your Honor.
19           We would take issue with the characterization that we
20   did no investigation and that the report is merely copied and
21   pasted.  I think what your Honor will see, and what we'll
22   argue, undoubtedly, in our opposition to defendants' motion to
23   dismiss, is that (a) the report that was published was
24   published by a credible source with significant experience in
25   the field, and (b) that in many instances the allegations made

1  in the report were then verified through other sources, which
2  is something that we plead throughout the complaint.  So this
3  is an interesting issue, and I think there are decisions in
4  different directions on the ability for a party to rely on the
5  kind of report that caused the stock drop here.  We'll
6  certainly brief that law for your Honor, but we do take issue
7  with the notion that we did no investigation before filing the
8  complaint.
9              THE COURT:  OK.  Thank you.
10             So let's go ahead and set a briefing schedule.  Let's
11 give the defendants three weeks to file the motion, which takes
12 us to when, Tara?
13             THE DEPUTY CLERK:  The 19th of November, Judge.
14             THE COURT:  OK.  November 19.  We will give the
15 plaintiff three weeks to respond, which takes us to when, Tara?
16             THE DEPUTY CLERK:  December 10.
17             THE COURT:  We will give the defendants one week to
18 file a reply, if any, by December 17.
19             Anything else from plaintiffs today?
20             MR. WALKER:  No.  Thank you, your Honor.
21             THE COURT:  Anything else from the defendants today?
22             MR. KAGEN:  I'm sorry, your Honor.  Just wanted to
23 ask, what is the length of the reply brief, if we may ask, that
24 we are permitted?
25             THE COURT:  You can look at my individual rules.  I

1   don't think that the reply brief should be particularly long in
2   this case, but if you feel that you need more time, you can
3   certainly ask for that.
4              MR. KAGEN:  OK.  Thank you, your Honor.
5              THE COURT:  If you feel like you need more pages, you
6   can ask for that, not more time.
7              MR. KAGEN:  I hear you.
8              THE COURT:  All right.  Anything else from the
9   defendants?
10             MR. KAGEN:  No, your Honor.
11             THE COURT:  We're adjourned.  Thank you.
12             (Adjourned)