UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BIT DIGITAL, INC. SECURITIES LITIGATION<br><br>Pertains to All Associated Actions | Index No. 21-cv-00515 (ALC) |

**DEFENDANTS' MEMORANDUM OF**
**<u>LAW IN OPPOSITION TO MOTION TO STRIKE</u>**

KAGEN, CASPERSEN & BOGART PLLC
757 Third Avenue, 20th Floor
New York, NY  10017
Telephone: 212-880-2045
Facsimile: 646-304-7879
*Attorneys for Defendants*

## **TABLE OF CONTENTS**

                                                                                                                                                    Page

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    THE MOTION FAILS TO SHOW THAT THE EXHIBITS IT SEEKS
         TO HAVE STRICKEN ARE REDUNDANT, IMMATERIAL,
         IMPERTINENT OR SCANDALOUS ................................................................................ 1

    II.   THE COURT MAY TAKE JUDICIAL NOTICE OF THE EXHIBITS ............................ 2

        A.   The Court May Take Judicial Notice of the XMAX Exhibits ........................................ 3

            1.   The XMAX Exhibits Are of Kinds that this Court May
                Take Judicial Notice ................................................................................................ 3

            2.   The XMAX Exhibits Were Submitted for the Fact that they
                Contain Certain Information, not for the Truth of that Information .......................... 4

        B.   The Court May Take Judicial Notice of the Hosting Services Agreement ...................... 5

            1.   The Host Services Agreement Is a Document of a Kind that
                the Court May Take Judicial Notice ........................................................................ 5

            2.   The Host Services Agreement Was Submitted for the Fact
                that it Contains Certain Information, not for the Truth of that
                Information ............................................................................................................... 6

    III.  DEFENDANTS' ARGUMENTS REGARDING THE RELIABILITY
         OF THE JCAP REPORT'S ALLEGATIONS REGARDING
         BIT DIGITAL'S ACQUISITION OF XMAX CHAIN LIMITED
         WERE NOT MADE FOR THE FIRST TIME ON REPLY ............................................... 7

CONCLUSION ............................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                             Page(s)

*Bldg. Trades Pension Fund of W. Pa. v. Insperity, Inc.*,
    2022 U.S. Dist. LEXIS 45960 (S.D.N.Y. Mar. 15, 2022) ........................................................ 6

*Cunningham v. Cornell Univ.*,
    2017 U.S. Dist. LEXIS 162420 (S.D.N.Y. Sept. 29, 2017) .................................................... 4

*Gould v. Airway Off., L.L.C.*,
    2016 U.S. Dist. LEXIS 94229 (S.D.N.Y. July 19, 2016) ........................................................ 3

*Hershewe v. Joyy Inc.*,
    2021 U.S. Dist. LEXIS 251310 (C.D. Cal. Nov. 5, 2021) ....................................................... 7

*Lipsky v. Commonwealth United Corp.*,
    551 F.2d 887 (2d Cir. 1976) ................................................................................................... 2

*McMahan & Co. v. Wherehouse Ent.*,
    900 F.2d 576 (2d Cir. 1990) ................................................................................................... 6

*Mirlis v. Greer*,
    952 F.3d 51 (2d Cir. 2020) ..................................................................................................... 4

*RL 900 Park, L.L.C. v. Ender*,
    2021 U.S. Dist. LEXIS 35469 (S.D.N.Y. Feb. 25, 2021) ....................................................... 3

*Rubenstein v. Urban One, Inc.*,
    2022 U.S. Dist. LEXIS 7298 (S.D.N.Y. Jan. 13, 2022) .......................................................... 5

*Staehr v. Hartford Fin. Servs. Grp.*,
    547 F.3d 406 (2d Cir. 2008) ................................................................................................... 4

*Sterling v. Interlake Indus.*,
    154 F.R.D. 579 (E.D.N.Y. 1994) ........................................................................................... 4

*United States ex rel. Yu v. Grifols USA, L.L.C.*,
    2021 U.S. Dist. LEXIS 184520 (Sept. 26, 2021) ............................................................... 1, 2

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, L.L.C.*,
    127 F. Supp. 3d 156 (S.D.N.Y. 2015) .................................................................................... 4

**Statutes and Rules**

Fed. R. Civ. P. 12 ........................................................................................................................ 1, 2

Defendants Bit Digital, Inc. ("Bit Digital") and Erke Huang respectfully submit this memorandum of law in opposition to Plaintiff's motion to strike (the "Motion").

## PRELIMINARY STATEMENT

Plaintiff's filing is really in the nature of an unauthorized sur-reply as opposed to a motion to strike. The Motion does not claim that any of the exhibits it asks to be stricken are "redundant, immaterial, impertinent or scandalous" as required by Rule 12(f). Nor does it argue that any of the exhibits are of a kind that the court may not take judicial notice. The thrust of the Motion is its claim that the exhibits were improperly submitted for their truth, rather than the fact of, their contents. That is plainly wrong. But the contention is used by Plaintiff to dispute the substance of various inferences that may be made based on those exhibits. In that respect, the Motion is really a sur-reply masquerading as a motion to strike.

## ARGUMENT

The Motion should be denied for two reasons. First, it fails to show that any of the exhibits it seeks to have stricken are redundant, immaterial, impertinent or scandalous. (Point I below). Second, each of the exhibits is of a kind that the court may take judicial notice for the fact of its contents. (Point II below). Contrary to the Motion's assertion, the exhibits were not submitted to support arguments made for the first time on reply. (Point III below).

**I.   THE MOTION FAILS TO SHOW THAT THE EXHIBITS IT SEEKS TO HAVE STRICKEN ARE REDUNDANT, IMMATERIAL, IMPERTINENT OR SCANDALOUS**

"Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which permits courts to 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *United States ex rel. Yu v. Grifols USA, LLC*, 2021 U.S. Dist. LEXIS 184520 at *2 (Sept. 26, 2021). "Motions to strike are generally disfavored, and

1

'courts should not tamper with the pleadings unless there is a strong reason for so doing.'" *Id.* (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

The Motion does not argue that any of the exhibits or arguments that it seeks to have stricken from Defendants' reply brief are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Nor does it address the high burden associated with a motion to strike a document from the record. Indeed the Motion does not even cite Rule 12(f).

Instead, the Motion, like the unsuccessful movant in *Grifols*, "conflates the standard applicable to a motion to strike a document from the record in its entirety with the standard for whether the courts can consider documents extrinsic to a complaint in the context of a motion to dismiss." *Id.* at *3-4. But "[t]he question of whether to consider a document on a motion to dismiss is distinct from the question of whether it should be stricken entirely from the record: the Court can decline to consider a document when deciding a motion to dismiss, but that document may nonetheless remain a part of the record." *Id.* at *4.

Because Plaintiff has not shown that any of the material it seeks to strike is redundant, immaterial, impertinent, or scandalous, the Motion should be denied. *Id.* at *4-5.

## II.     THE COURT MAY TAKE JUDICIAL NOTICE OF THE EXHIBITS

The Motion seeks to strike two categories of documents: (a) Exhibits A-D to the Declaration of Stuart Kagen, which relate to claims concerning an entity acquired by Bit Digital called "XMAX Chain Limited" (the "XMAX Exhibits") and, (b) a Host Services Agreement appended as an exhibit to a document that Bit Digital filed with the Securities and Exchange Commission (the "Host Services Agreement"). All of the exhibits are of kinds that this Court may take judicial notice and were properly submitted by Defendants for the fact – not the truth – of their contents.

### A.    The Court May Take Judicial Notice of the XMAX Exhibits

The XMAX Exhibits are of kinds that this Court may take judicial notice and were properly submitted for the fact – not the truth – of their contents.

#### 1.    The XMAX Exhibits Are of Kinds that this Court May Take Judicial Notice

Exhibits A and B to the Kagen Affirmation are screen shots from the Hong Kong Companies Registry, a governmental website that can be accessed at: https://www.icris.cr.gov.hk/csci/. Plaintiff does not dispute that is true. Plaintiff nonetheless asserts that there is "serious question" as to authenticity of Exhibits A and B because neither "purport to be an official registration or article of incorporation." But that is irrelevant. It is well-accepted in this District that a court may take judicial notice of the results of a business entity search, like those displayed in Exhibits A and B. See e.g. *RL 900 Park, LLC v. Ender*, 2021 U.S. Dist. LEXIS 35469 at *18 n.4 (S.D.N.Y. Feb. 25, 2021) ("The Court may take judicial notice of business entity searches like this one because they are public filings made with a governmental agency."; taking judicial notice of information contained on Florida Secretary of State, Division of Corporations website); *Gould v. Airway Office*, LLC, 2016 U.S. Dist. LEXIS 94229 at *11 n.6 (S.D.N.Y. July 19, 2016) (taking judicial notice of "corporate entity details" on Michigan Government, Department of Licensing and Regulatory Affairs website).[1]

Exhibit C is a print out of information retrieved from a publicly available database called the "Singapore Business Directory," which can be accessed at https://recordowl.com. Plaintiff does not dispute that the Court may take judicial notice of Exhibit C. And it is well accepted by

---

[1]   The Court could take judicial notice of Exhibits A and B on the separate bases that: (a) they display search results from a publicly-available data base (See discussion of Exhibit C); and/or (b) they display information contained on a publicly-available website, the authenticity of which has not been disputed (See discussion of Exhibit D).

courts in this Circuit that a court may take judicial notice of search results from publicly available data bases, like the Singapore Business Directory.  See e.g. *Sterling v. Interlake Indus. Inc.*, 154 F.R.D. 579, 586 (E.D.N.Y. 1994) (taking judicial notice of information contained in Standard & Poor's Corporate Descriptions); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015) (taking judicial notice of Lexis database search).

Exhibit D is a "profile" for a digital token called "XMAX" found at the website "isthiscoinascam.com," which is available at https://isthiscoinascam.com/check/xmax.  Plaintiff does not dispute that the Court may take judicial notice of Exhibit D.  And it is well established that this court may "take judicial notice of information contained on websites where the authenticity of the site has not been questioned." *Cunningham v. Cornell Univ.*, 2017 U.S. Dist. LEXIS 162420 at *11 (S.D.N.Y. Sept. 29, 2017).  That includes information contained in a blog hosted on the website, like that in Exhibit D.  *Mirlis v. Greer*, 952 F.3d 51, 64 (2d Cir. 2019) (district court "was entitled to take judicial notice of . . . blog post, as are we.").  Plaintiff does not question the authenticity of the "isthiscoinascam.com."

### 2. The XMAX Exhibits Were Submitted for the Fact that they Contain Certain Information, not for the Truth of that Information

It is well-accepted that a court may take judicial notice of the fact that a document "contained certain information, without regard to the truth of their contents." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).  The Motion contends that Defendants submitted Exhibits A-D not for the fact of, but rather the truth of, the contents of those documents.  That is incorrect.

Exhibit A was submitted to show the fact that XMAX Chain Limited has been recorded in the Hong Kong Company Registry as a subsidiary of Bit Digital.  It is not submitted to prove that in truth XMAX Chain Limited is a subsidiary of Bit Digital.

4

Exhibit B was submitted to show the fact that nine companies other than XMAX Chain Limited are listed in the Hong Kong Company Registry as doing business under an "XMAX" name. It is not submitted to prove that in truth nine other companies listed in the Hong Kong Company Registry do business under an "XMAX" name.

Exhibit C was submitted to show the fact that a company called XMAX Foundation PTE Ltd. is listed as Singapore company in the Singapore Business Directory. It is not submitted to prove that XMAX Foundation PTE Ltd. is in truth a Singapore company.

Exhibit D was submitted to show the fact that in a blog post on the website "isthiscoinascam.com" XMAX Foundation PTE Ltd is referred as the issuer of an "XMX" token that is described as a "scam." It is not submitted to prove that in truth XMAX Foundation PTE Ltd. issued an "XMX" token or that the token is in fact a scam.

### B.   The Court May Take Judicial Notice of the Hosting Services Agreement

The Host Services Agreement is a document of a kind that this Court may take judicial notice and was properly submitted for the fact – not the truth of – its contents.

#### 1.   The Host Services Agreement Is a Document of a Kind that the Court May Take Judicial Notice

The Host Services Agreement is an exhibit to Bit Digital's 2019 Annual Report filed with the Securities and Exchange Commission. It is well accepted that Courts may take judicial notice of "the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Rubenstein v. Urban One, Inc.*, 2022 U.S. Dist. LEXIS 7298 at *6 (S.D.N.Y. Jan. 13, 2022). Plaintiff does not argue to the contrary.

## 2. The Host Services Agreement Was Submitted for the Fact that it Contains Certain Information, not for the Truth of that Information

In their opening brief (at 15-16), Defendants argued that Plaintiff failed to allege facts that would permit the Court to credit allegations by anonymous sources cited as support for JCap's conclusion that Bit Digital did not have operations in China. In response to that contention, Plaintiff argued that its claim was corroborated by a "Property and Equipment" disclosure in the 3Q20 Press Release that did not report any information relating to leased assets, leasehold improvements, basic furniture or even everyday non-mining IT equipment. See Opp. Br. at 14-15. In reply, Defendants submitted the Host Services Agreement to show that elsewhere in its filings Bit Digital disclosed the terms of the Host Services Agreement and that under its form of agreement the host was to provide facilities, furnishings and IT equipment.

Without crediting the truth of the statements contained in the Host Servicing Agreement, the fact of the disclosure itself is sufficient to establish that, when read in context, Bit Digital's "Property and Equipment" disclosure does not corroborate the second-hand, anonymously-sourced claim that Bit Digital did not have operations in China. The "Property and Equipment" disclosure cannot be looked at in isolation. *Bldg. Trades Pension Fund of W. Pa. v. Insperity, Inc.*, 2022 U.S. Dist. LEXIS 45960 at *34 (S.D.N.Y. March 15, 2022) ("The key question in considering the misleading nature of a statement is 'whether defendants' representations, taken together and in context, would have misle[d] a reasonable investor,' not whether it is susceptible to any interpretation that could generate misleading impressions when read in isolation.") (quoting *McMahan & Co. v. Wherehouse Ent., Inc.*, 900 F.2d 576, 579 (2d Cir. 1990)). Read together with the Host Services Agreement, the "Property and Equipment" disclosure would not cause a reasonable reader to conclude that Bit Digital has no operations in China.

**III. DEFENDANTS' ARGUMENTS REGARDING THE RELIABILITY OF THE JCAP REPORT'S ALLEGATIONS REGARDING BIT DIGITAL'S ACQUISITION OF XMAX CHAIN LIMITED WERE NOT MADE FOR THE FIRST TIME ON REPLY**

The Motion asserts in footnote 2 that Defendants waived any arguments relating to the adequacy of Plaintiff's allegations concerning Bit Digital's acquisition of XMAX Chain Limited because Defendants did not address them in their opening brief. That is incorrect.

Defendants' opening brief argued (at pp. 14-16) that, for purposes of pleading a section 10(b) claim, allegations based on an anonymous source are credited only to the extent that the pleading includes allegations establishing that the anonymous source is likely to have knowledge of the facts attributed to him or her. In his opposition brief, Plaintiff recognized that this argument included an "attempt" by Defendants "to liken the JCAP Report to traditional instances of confidential witnesses and anonymous sources." Opp. Br. at 12. And, indeed, there is good authority for doing so. See e.g. *Hershewe v. Joyy Inc.*, 2021 U.S. Dist. LEXIS 251310 at *11 (C.D. Cal. Nov. 5, 2021) (short seller report "falls under umbrella of information provided by a confidential witness"; collecting cases). Plaintiff defended the JCap Report, citing case law crediting short seller reports, and asserting that neither JCap nor its co-founder, Anne Stevenson-Yang, are anonymous. See Opp. Br. at p. 12.

In reply, applying the analogy between a short seller report and an anonymous witness, Defendants argued that the Complaint fails to allege facts establishing that JCap was in a position to know whether the "XMAX"-named entity that is the subject of the various media sources cited in the JCap Report is one and the same as the XMAX entity that Bit Digital acquired: XMAX Chain Limited. (Reply Br. at pp. 10-11). Exhibits A-D were submitted to show that, based on the JCap Report itself, it is evident that JCap likely was not. The JCap Report represented that "The Hong Kong corporate documents for XMAX do not show

7

ownership by BTBT." But Exhibit A shows that XMAX Chain Limited is listed as a subsidiary of BTBT on the Hong Kong Company Registry. One may infer therefrom that the XMAX entity that JCap investigated is not XMAX Chain Limited. To further support that inference, Defendants submitted Exhibits B-D, which together show that there are many entities that register under the name "XMAX", including XMAX Foundation PTE Ltd., an entity listed in the Singapore Business Directory which is said to have issued a "scam" token called "XMX". It is a token by the same name that the JCap Report speculates, without corroboration, was issued by XMAX Chain Limited.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to strike.

Dated:  New York, New York
        March 18, 2022

                                            KAGEN CASPERSEN & BOGART PLLC

                                            s/ *Stuart Kagen*
                                            Stuart Kagen, Esq.
                                            757 Third Avenue, 20th Floor
                                            New York, New York 10017
                                            Tel: (212) 880-2045
                                            Fax: (646) 304-7879
                                            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

     I hereby certify that on March 18, 2022, I electronically filed the foregoing document with the clerk of the Court using the ECF system. The ECF system will send notification of the filing to all attorneys of record.

                                                    s/ *Stuart Kagen*
                                                   Stuart Kagen, Esq.