**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: BIT DIGITAL, INC. SECURITIES LITIGATION<br><br>This document relates to:<br><br>All Actions | Lead Case No. 1:21-cv-00515-ALC<br><br>**STIPULATION AND ORDER OF SETTLEMENT** |

This Stipulation and Agreement of Class Action Settlement, dated October 12, 2022 (the "Stipulation" or the "Settlement Agreement"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rules") and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Lead Plaintiff Joseph Franklin Monkam Nitcheu ("Lead Plaintiff"), on behalf of himself and each of the members of the Class, as defined in ¶1.3, on the one hand and  (ii) Defendants Bit Digital, Inc, ("Bit Digital" or the "Company") and Erke Huang ("Defendants") (together Lead Plaintiff and Defendants are referred to as the "Settling Parties"), on the other hand by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Southern District of New York (the "Litigation").

This stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, as defined in ¶1.22, upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in ¶¶ 1.1 – 1.31.

## I.  THE LITIGATION

This case is currently pending before the Honorable Andrew L. Carter in the United States District Court for the Southern District of New York (the "Court") and was filed on behalf of a Class of all investors who purchased or otherwise acquired Bit Digital common stock between December 21, 2020 and January 11, 2021, inclusive (the "Class Period").

The initial complaint was filed on January 20, 2021, alleging violations of § 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder.  ECF No. 1.  It was filed on behalf of a Class of all investors who purchased or otherwise acquired Bit Digital common stock during the Class Period.  *Id.*

On April 29, 2021, the Court appointed Lead Plaintiff and the firm Block & Leviton LLP as Lead Counsel. ECF No. 21.

On July 6, 2021, Lead Plaintiff filed the Consolidated Class Action Complaint For Violations of the Federal Securities Laws (The "Amended Complaint"), alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder. ECF No.24.

On October 29, 2021, Lead Plaintiff, Defendants, and the Court held a pre-motion conference to discuss Defendants' pending Motion to Dismiss and the possibility of pre-Motion to Dismiss settlement discussions. ECF. No. 37.

On December 10, 2021, Defendants moved to dismiss the Amended Complaint. ECF No. 40. Lead Plaintiff filed his opposition on December 10, 2021. ECF No. 43. Defendants filed their reply on December 17, 2021. ECF No. 46.

On August 12, 2022, the Settling Parties filed a joint Letter advising the Court that Settling Parties had reached an agreement in principle to settle all claims in the Litigation. On August 16, 2022 the Court issued an Order denying the Motion to Dismiss without prejudice and

directing the Settling Parties to submit a joint status report regarding settlement progress on or before September 13, 2022.

## II.      CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF THIS SETTLEMENT TO THE CLASS

Lead Plaintiff believes that the claims asserted in the Litigation have merit. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial. Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and risks in connection with Defendants' Motion to Dismiss the Amended Complaint, Defendants' anticipated motions for summary judgment, and persuading a jury at trial, especially in complex matters such as this Litigation, as well as the risks posed by post-trial motions, and potential appeals from the determination of those motions, or a jury verdict.  Lead Plaintiff and Lead Counsel also are aware of the risks presented by the defenses to the securities law violations asserted in the Litigation. Lead Plaintiff and Lead Counsel have also been advised by Defendants that they carry no Directors and Officer's liability insurance for the claims asserted under the Amended Complaint, further complicating the potential of recovery for the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here.  Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Class, and is fair, reasonable, and adequate.

## III.     DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, all allegations and claims asserted by Plaintiff in the Litigation.  As set forth in ¶ 9.3, this Stipulation does not constitute, and shall not be offered or received against Defendants as evidence of, or construed as, or deemed to be evidence of any concession or admission by Defendants with respect to the truth of any fact

alleged or the validity of any claim in this Litigation.  Defendants state that they are entering into the Settlement solely to eliminate the burden, expense, and uncertainties of further litigation.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for himself and the members of the Class), on the one hand, and Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court, pursuant to Rule 23(e), in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Kroll Settlement Administration.

1.3    "Class" means all Persons who purchased Bit Digital common stock between December 21, 2020 and January 11, 2021, inclusive (the "Class Period"). Excluded from the Class are Defendants and their families, the officers, directors, and affiliates, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

1.4    "Class Member" means a Person who falls within the definition of the Class as set forth in ¶ 1.3 above.

4

1.5      "Class Period" means the period from December 21, 2020 and January 11, 2021, inclusive.

1.6      "Court" means the United States District Court for the Southern District of New York.

1.7      "Defendants" mean Bit Digital, Inc. and Erke Huang.

1.8       "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.1 of the Stipulation have been met and have occurred.

1.9      "Escrow Account" means the account controlled by the Escrow Agent into which the Settlement Amount shall be deposited by or on behalf of Defendants as described in ¶ 3.1 below.

1.10     "Escrow Agent" means Huntington Bank, or its successor(s).

1.11     "Fee and Expense Award" is defined in ¶ 7.2 below.

1.12      "Final" means when the last of the following three events shall occur with respect to the Judgment approving the Settlement, in the form of Exhibit B attached hereto: (i) the expiration of the time to file a motion to alter or amend the Judgment under Rule 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 30th day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 30th day; and (iii) if a motion to alter or amend is filed under Rule 59(e) or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal

whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund.

1.13    "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B, or such other substantially similar form agreed to by the Settling Parties.

1.14    "Lead Counsel" means Block & Leviton LLP.

1.15    "Lead Plaintiff" means Joseph Franklin Monkam Nitcheu.

1.16    "Net Settlement Fund" means the Settlement Fund less: (i) the amount of the Fee and Expense Award and any award to Lead Plaintiff as allowed under the PSLRA, if and to the extent allowed by the Court; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.17    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.18    "Notice and Administration Expenses" means the fees and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing claim forms, and paying escrow fees and costs, if any.

1.19     "Notice Order" is defined in ¶ 2.1 below.

1.20     "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.21     "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and the Released Defendant Parties shall have no responsibility or liability with respect to the Plan of Allocation.

1.22     "Postcard Notice" means the postcard to be sent to potential member of the class by the Claims Administrator, informing them of the Settlement, directing them to the settlement website, and providing a number to call to obtain a copy of the Notice and Claim Form, substantially in the form of Exhibit A-1.

1.23     "Released Claims" means any and all claims and causes of action of every nature and description whatsoever, including Unknown Claims as defined in ¶ 1.32 hereof, as against the Released Defendant Parties that have been or could have been asserted in this or any other action that (a) were asserted in the action; or (b) could have been asserted in this or any other forum that arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged, or referred to in this action, or which could have been alleged in this action, and that relate to the purchase of Bit Digital common stock during the Class Period; or (c) could have been asserted in any forum that arise out of or relate in any way to the defense or settlement of the claims asserted in the Action, whether arising under federal, state, local, common, statutory,

administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature. Released Claims shall not include any claims relating to the enforcement of the Settlement.

1.24 "Released Defendant Claims" means upon the Effective Date, Defendants will release as against Released Plaintiff Parties (as defined below), all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Released Defendant Claims shall not include any claims relating to the enforcement of the Settlement.

1.25 "Released Defendant Parties" means: (i) Defendants; and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof in their capacities as such.

1.26     "Released Plaintiff Parties" means: (i) Lead Plaintiff and other Class Members; and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, including Lead Counsel, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

1.27     "Related Persons" means each and any of the Settling Parties and any and all of their past, present, or future agents, officers, directors, employees, attorneys, accountants, auditors, advisors, insurers, co-insurers, reinsurers, co-insurers, reinsurers, spouses, immediate family members, heirs beneficiaries, executors, personal and legal representatives, estates, administrators, trusts, trustees, partnerships and partners, predecessors, successors, parents, subsidiaries, divisions, affiliates, and assigns or other individual or entity in which any Settling Party has a controlling interest, and each and all of their respective past, present, or future agents, officers, directors, employees, attorneys, accountants, auditors, advisors, insurers, co-insurers, re-insurers, spouses, immediate family members, heirs, beneficiaries, executors, personal and legal representatives, estates, administrators, trusts, trustees, partnerships and partners, predecessors, successors, parents, subsidiaries, divisions, affiliates, and assigns.

1.28     "Settlement Amount" means Two Million One Hundred Thousand U.S. Dollars ($2,100,000.00).

1.29     "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to the Escrow Account.

1.30    "Settlement Hearing" is defined in ¶ 4.1 below.

1.31    "Settling Parties" means, collectively, Lead Plaintiff on behalf of himself and the Class Members, and Defendants.

1.32    "Summary Notice" means the Summary Notice, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

1.33    "Unknown Claims" means any Released Claim(s) that any Releasing Party or any of their Related Persons do not know of or suspect to exist in his, her, or its favor at the time of the release, which , if known by him, her, or it, might have affected his, her, or its decision to settle or release claims. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Releasing Parties and their Related Persons shall expressly waive and relinquish to the fullest extent permitted by law, the provisions, rights and benefits conferred by and under California Civil Code § 1542, and any other law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties acknowledge that they may hereafter discover facts in addition to or different from those now known or believed to be true by them, with respect to the subject matter of the Released Claims, but it is the intention of the Settling Parties that the Releasing Parties, their Related Persons, shall be deemed to and by operation of the Final Order and Judgment shall completely, fully, finally, and forever compromise, settle, release,

discharge, and extinguish any and all Released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which do now exist, or heretofore existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, and without regard to the subsequent discovery of additional or different facts.  The Settling Parties acknowledge that the foregoing waiver was separately bargained for and is a key element of the Stipulation of which this release is a part.

**2.     CAFA Notice**

2.1      Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act ("CAFA Notice"), 28 U.S.C. § 1715, and the identity of those who will receive the CAFA Notice.  Pursuant to CAFA, no later than ten (10) calendar days after the Settlement Agreement is filed with the Court, Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

**3.     The Settlement**

**a.     The Settlement Fund**

3.1      Defendants shall pay $2,100,000.00 (the Settlement Amount) cash into the Escrow Account controlled by the Escrow Agent (subject to Court oversight), within fourteen (14) calendar days from the later of: (a) entry of the Court's order preliminarily approving the Settlement; or (b) the date on which the Escrow Agent provides to Defendants: (i) specific bank identification and wiring information (including the physical address of the bank) necessary to wire the Settlement Amount to the Escrow Account, (ii) instructions for the payee and address to which a physical check can be mailed, and (iii) a completed and signed Form W-9 reflecting the tax identification number of the payee.

3.2     Lead Plaintiff shall have the right, but not the obligation, to terminate the Settlement twenty (20) calendar days after any failure of the Defendants to timely pay the Settlement Amount in accordance with ¶ 3.1 above.

3.3     The payment described in ¶ 3.1 above is the only payment to be made by or on behalf of Defendants in connection with this Settlement.

### b.     The Escrow Agent

3.4     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶ 3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.5     The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

3.6     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.7     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.8     Prior to the Effective Date, Lead Counsel, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $175,000 in Notice and Administration Expenses.  Prior to the Effective Date, payment of any Notice and Administration Expenses exceeding $175,000 shall require notice to, and agreement from, the Defendants, through Defendants' counsel, which agreement shall not be unreasonably refused.  Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay all reasonable and necessary Notice and Administration Expenses.

**c.     Taxes**

3.9     The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 3.9, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

3.10    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)).  Such returns (as well as the election described in ¶¶ 3.9 – 3.12 hereof shall be consistent with this ¶¶ 3.9 – 3.12 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the

income earned on the Settlement Amount shall be paid out of the Settlement Fund as provided in ¶¶ 3.9 – 3.12 hereof.

3.11    All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned on the Settlement Amount, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned on the Settlement Amount for any period during which the Settlement Amount does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶¶ 3.9 – 3.12 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶¶ 3.9 – 3.12) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Escrow Account without prior order from the Court or approval of Defendants, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶¶ 3.9 – 312.

3.12     Except as required by ¶ 3.1 concerning payment of the Settlement Amount, the Released Defendant Parties are not responsible for Taxes, Tax Expenses, Notice and Administration Expenses, nor shall they be liable for any claims with respect thereto.

### d.     Termination of Settlement

3.13     In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Notice and Administration Expenses, Taxes or Tax Expenses, pursuant to ¶¶ 3.9 – 3.12, respectively, shall be refunded to such Persons that paid the Settlement Amount pursuant to written instructions from Defendants' counsel.

### 4.     Notice Order and Settlement Hearing

4.1     Promptly after execution of this Stipulation, Lead Counsel shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation and approval of the mailing of the Postcard Notice, and publication of the Notice and Summary Notice, in the forms of Exhibits A-1 to A-4 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the application for the Fee and Expense Award, and the date of the Settlement Hearing (defined in ¶ 4.3 below).

4.2     It shall be the Claims Administrator's responsibility, under supervision of Lead Counsel, to disseminate the Postcard Notice, Notice, and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no

recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

4.3     Lead Counsel shall request that after notice is given to the Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Award.

**5.      Releases**

5.1     Upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Defendant Parties (whether or not such Class Member executes and delivers a Proof of Claim and Release form) any and all Released Claims (including, without limitation, Unknown Claims).  Claims to enforce the terms of this Stipulation are not released.  The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of § 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

5.2     Upon the Effective Date, Lead Plaintiff and each of the Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, prosecution, or enforcement against any Released Defendant Parties of any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims.

5.3     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-4 attached hereto.

5.4     Upon the Effective Date, Defendants will release as against Released Plaintiff Parties, all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants.  Claims to enforce the terms of this Stipulation are not released.

**6.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of the Court or Lead Counsel as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     Within fourteen (14) calendar days after execution of this Stipulation, Bit Digital shall provide or cause to be provided to the Claims Administrator with a list of names and addresses of record holders of Bit Digital common stock during the Class Period on the transfer agent's books.  This information shall be provided in an electronic format acceptable to the Claims Administrator.  Bit Digital shall be responsible for any costs or expenses related to providing this information.

6.3     In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause the Claims Administrator to mail to all shareholders of record, identified on the list provided by Bit Digital to the Claims Administrator, the Postcard Notice, substantially in the form of Exhibit A-1 attached hereto. The Postcard Notice shall direct potential class members to the settlement website where the Notice and Claim Form will be available, and shall also provide a toll-free phone number that can be called to receive a written copy of the Notice at no cost to the class member. The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class.  In accordance with the schedule set forth in the Notice Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once over a national newswire service.  The cost of providing such notice shall be paid out of the Settlement Fund.

6.4     The Settlement Fund shall be applied as follows:

(a)     To pay all Notice and Administration Expenses;

(b)     To pay the Taxes and Tax Expenses described in ¶¶ 3.9 – 3.12 hereof;

(c)     To pay the Fee and Expense Award;

(d)     To pay any award to Lead Plaintiff as allowed under the PSLRA, subject to the approval of the Court; and

(e)     After the Effective Date, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-4 attached hereto, postmarked or submitted electronically by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A-2 attached hereto), or such other time as the Court may set, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

6.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by such date, or who submit a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

6.8     The Claims Administrator shall calculate the claims of Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by

the Court.  Following the Effective Date, the Claims Administrator shall send to each Authorized

Claimant his, her, or its *pro rata* share of the Net Settlement Fund.

6.9     Other than in the event of the termination of the Settlement pursuant to ¶ 8.4,

Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any

balance remaining in the Net Settlement Fund after a reasonable period of time after the initial

date of distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, allocate such

balance among Authorized Claimants in an equitable and economic fashion.  These

redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de*

*minimis* and such remaining balance shall then be donated to The Legal Aid Society of New

York (TIN 13-5562265).

6.10    The Released Defendant Parties shall have no responsibility for, interest in, or

liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of

Allocation, the determination, administration, or calculation of claims, the payment or

withholding of Taxes, or any losses incurred in connection therewith.

6.11    Defendants shall take no position with respect to the Plan of Allocation or any

other such plan as may be approved by the Court.  Defendants will have no involvement in

reviewing or challenging claims.

6.12    It is understood and agreed by the Settling Parties that any proposed Plan of

Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an

Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be

considered by the Court separately from the Court's consideration of the fairness,

reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or

proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the

Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

6.13    No Person shall have any claim against Lead Plaintiff, Lead Counsel, Released Defendant Parties, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or otherwise as further ordered by the Court.  This does not include any claim by any party for breach of this Stipulation.

### 7.    Lead Counsel's Attorneys' Fees and Expenses

7.1    Lead Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) interest on both amounts as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Any and all such fees, expenses and charges awarded by the Court (the "Fee and Expense Award") shall be payable solely out of the Settlement Fund.  Lead Plaintiff may submit an application for an award under the PSLRA based on its representation of the Class.  Any such amounts awarded to Lead Plaintiff shall be paid from the Settlement Fund.

7.2    The Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon entry of an order by the Court granting such award.  In the event that the Effective Date does not occur, or the order making the Fee and Expense Award pursuant to ¶ 7.1 is reversed or modified by final non-appealable order, or if this Stipulation is cancelled or terminated for any reason, and in the event any part of the Fee and Expense Award has been paid, then Lead Counsel shall, in an amount consistent with such reversal, modification,

cancellation or termination, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within thirty (30) calendar days from receiving notice from Defendants' counsel or from a court of competent jurisdiction.

7.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Award, or the award to the Lead Plaintiff, to be paid out of the Settlement Fund, are not part of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or an award to Lead Plaintiff, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation (including the releases contained herein).

7.4     Neither the Released Defendant Parties nor Defendants' insurers shall have any responsibility for or liability with respect to the payment of any Fee and Expense Award to Lead Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**8.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     the Settlement Amount has been deposited into the Escrow Account as provided by ¶ 3.1 hereof;

(c)     the Court has entered the Notice Order, as required by ¶ 4.1 hereof:

(d)      the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Litigation, as to the Settling Parties, as set forth above; and

(e)      the Judgment has become Final, as defined in ¶ 1.12 hereof.

8.2      This is not a claims-made settlement.  As of the Effective Date, Defendants and/or any other such persons or entities funding the Settlement on the Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.  Upon the occurrence of all the events referenced in ¶ 8.1 hereof, any and all remaining interest or right of Defendants, if any, in or to the Settlement Fund shall be absolutely and forever extinguished. If all the conditions specified in ¶ 8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶ 8.3 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3      Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund, less Notice and Administration Expenses, Taxes, and Tax Expenses reasonably and actually incurred pursuant to ¶¶ 3.8 – 3.12 hereof, shall be refunded pursuant to written instructions from Defendants' counsel.  At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' counsel.

8.4      In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall not forfeit or waive any factual or legal defense or contention in the

Litigation and shall be restored to their respective positions in the Litigation as of August 12, 2022.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.1-1.34, 3.8-3.13, 7.2, 8.3-8.4, 9.2, 9.4, and 9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of August 12, 2022, and shall be required to present an amended pre-trial schedule to the Court.  No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, and interest awarded by the Court to Lead Counsel, shall constitute grounds for cancellation or termination of the Stipulation.

8.5     In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of any other Defendant, then, at the election of Lead Counsel, as to the Defendant as to whom such order applies, the Settlement may be terminated and the releases given and the judgment entered in favor of such Defendant pursuant to the Settlement shall be null and void.  In such instance, the releases given and the judgement entered in favor of other Defendants shall remain in full force and effect.  Alternatively, Lead Counsel may elect to terminate the entire Settlement as to all Defendants and all the releases given and the judgments

entered in favor of the Defendants pursuant to the Settlement shall be null and void, and Lead Plaintiff may proceed as if the Settlement was never entered into.

### 9.      Miscellaneous Provisions

9.1      The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

9.2      The Settlement will not be conditioned upon the obtaining of or any judicial approval of any releases between or among Defendants or third parties.

9.3      The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party or any of the Released Defendant Parties of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

9.4      The Settling Parties and their counsel mutually agree that, throughout the course of this Litigation, all parties and their counsel complied with the provisions of Rule 11 relating to the prosecution, defense or settlement of the Litigation, and the Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Litigation.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.5     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of documents and information shall survive this Stipulation, pursuant to its terms.

9.6     The Settling Parties shall, in good faith, endeavor to communicate the terms of the Settlement, if at all, in a manner that is respectful of the fact that no final adjudication of fault was determined by a court or a jury.  The Settling Parties agree that, unless required by law, no press release or other written public statements purporting to characterize the Settlement may be made without the approval of counsel for all parties, which approval shall not unreasonably be withheld.  A party intending to issue a press release or other written public statement purporting to characterize the Settlement shall provide a draft of the statement to counsel for the other parties at least 24 hours in advance of such statement.  For the avoidance of doubt, nothing in this paragraph shall be construed as prohibiting, or placing restrictions on, the public disclosure of the fact of, terms of, or Court-approved notice of the Settlement, including on Plaintiffs' counsel's firm websites.

9.7     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference. In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit hereto, the terms of this Stipulation shall prevail.

9.8     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

9.9     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.10    No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

9.11    The Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

9.12     Except as otherwise provided herein, each Settling Party shall bear its own costs.

9.13    This Settlement Agreement shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Litigation, and as more fully described herein.  If any provision of this Settlement Agreement shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

9.14    Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Class Members, or the

Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorney's fees or expenses or the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Amount.

9.15    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

9.16    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.17    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid); or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

> ***If to Lead Plaintiff or to Lead Counsel:***
> Jacob A. Walker
> BLOCK & LEVITON LLP
> 260 Franklin Street, Suite 1860
> Boston, MA 02110
>
> ***If to Defendants or to Defendants' Counsel:***
> Stuart Kagen

KAGEN, CASPERSEN, & BOGART PLLC
757 3rd Avenue, 20th Floor
New York, NY, 10017

9.18    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or by PDF via e-mail shall be deemed originals.

9.19    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

9.20    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.21    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all members of the Class shall be barred and enjoined from commencing any action to prosecute or prosecuting any of the Released Claims against any of the Released Defendant Parties.

9.22    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York, without giving effect to that State's choice-of-law principles.

9.23    In the event that any non-material part of the Settlement is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, the remaining terms and conditions of the Settlement shall remain intact.

9.24    Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it (including any orders or judgments entered in connection with this Stipulation or the Settlement) is, or shall be construed as, an admission, presumption or concession by the Released Defendant Parties or their Related Persons, or as evidence of the truth of any of the allegations in this Litigation, or of any liability, fault, culpability, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission, presumption, or concession that any of the Releasing Parties or any of their Related Persons have suffered any damages, harm, or loss.  Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it (including any orders or judgments entered in connection with this Stipulation or the Settlement), shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except (a) in a proceeding to enforce this Stipulation, (b) in any action that may be brought against the Released Persons to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or (c) as otherwise required by law.

9.25    No representations, warranties, or inducements have been made to any of the parties concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed,

by their duly authorized attorneys, dated October 12, 2022.

Dated: October 12, 2022

Jeffrey C. Block
Jacob A. Walker, *pro hac vice*
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com

*Counsel to Lead Plaintiff and*
*Lead Counsel for the Class*

Dated: October 12, 2022

Stuart Kagen
**KAGEN CASPERSEN &**
**BOGART PLLC**
757 Third Avenue, 20th Floor
New York, New York 10017
(212) 880-2045

*Attorneys for Defendants*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: BIT DIGITAL, INC. SECURITIES LITIGATION<br><br>This document relates to:<br><br>All Actions | Lead Case No. 1:21-cv-00515-ALC<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE TO THE CLASS** |

WHEREAS, a class action is pending in this Court entitled *In re: Bit Digital, Inc. Securities Litigation*, No. 1:21-cv-00515-ALC (the "Action");

WHEREAS, (a) Lead Plaintiff Joseph Franklin Monkam Nitcheu ("Lead Plaintiff"), on behalf of himself and the Class (defined below) and (b) Defendants Bit Digital, Inc. and Erke Huang (the "Defendants") (collectively with Lead Plaintiff, the "Settling Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Class Action Settlement dated October 12, 2022 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Action, in accordance with the Stipulation;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorizing dissemination of notice to the Class and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Provisional Certification of the Settlement Class** – Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of this settlement only, the Action is hereby preliminarily certified as a class action on behalf of: all Persons who purchased Bit Digital common stock between December 21, 2020 and January 11, 2021, inclusive (the "Class Period"). Excluded from the Class are Defendants and their families, the officers, directors, and affiliates, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

2.    Also excluded from the Class are the Persons who timely and validly seek exclusion from the Class pursuant to the requirements described below and in the Notice to be sent to Class Members pursuant to this Order.

3.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class they seek to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of effectuating the Settlement, Lead Plaintiff is appointed as representative for the Class and Lead Counsel is appointed as counsel for the Class. Solely for the purposes of effectuating the proposed Settlement, Lead Counsel is authorized to act on behalf of Lead Plaintiff and the other Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement.

5.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

6.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2022 at __:__ _.m. at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York, 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an

award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing ("Notice") shall be given to Class Members as set forth in paragraph 8 of this Order.

7.      The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

8.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Kroll Settlement Administration, LLC (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice, substantially in the form attached hereto as Exhibit A-1, to those members of the Class as may be identified through reasonable effort;

(b)      contemporaneously with the mailing of the Notice, Lead Counsel shall also cause the Claims administrator to post downloadable copies of the Notice and Claim Form online at www.BitDigitalSettlement.com;

(c)      not later than ten (10) business days after the Notice Date, Lead Counsel shall cause the Claims Administrator to cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once over a national newswire service; and

(d)      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, the Notice, the Summary Notice, and the Claim Form, attached hereto as Exhibits A-1, A-2, A-3, and A-4 respectively, and (b) finds that the mailing and

distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed, posted online, and published, respectively.

10.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Bit Digital common stock during the Class Period for the benefit of another Person shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by

the Court.

11.    **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than ninety (90) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.    Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided

for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.     **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:  *Bit Digital Securities Litigation Settlement*, EXCLUSIONS, c/o _____, P.O. Box _____, _____, __ _____-____, and (b) each request for exclusion must (i) state the name, address, and telephone number of the Person requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such Person "requests exclusion from the Settlement Class in *In re Bit Digital Securities Litigation*, No. 1:21-cv-00515-ALC"; (iii) state the number of shares of Bit Digital common stock that the Person requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15.     Any Person who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

16.     Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation

and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Defendant Parties, as more fully described in the Stipulation and Notice.

17.     **Appearance and Objections at Settlement Hearing** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

18.     Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that Person has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|:---:|:---:|
| Block & Leviton LLP | Kagen, Caspersen & Bogart PLLC |
| Jacob A. Walker | Stuart Kagen |
| 260 Franklin Street, Suite 1860 | 757 Third Avenue, 20th Fl |
| Boston, MA 02110 | New York, NY 10017 |

19.     Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the Person objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Bit Digital common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.     Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class, from commencing or prosecuting any and all of the Released Claims against each and all of the Released Defendant Parties.

22.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the

Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.     **Settlement Fund** – The contents of the Settlement Fund held by Huntington Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Lead Plaintiff, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of August 12, 2022, as provided in the Stipulation.

26.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the

Released Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.     **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty (30) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2022.


_____
The Honorable Andrew L. Carter, Jr.
United States District Judge

*Court Ordered Legal Notice*
*Forwarding Service Requested*

**Bit Digital, Inc. Securities Litigation**

This is an important notice about a Securities Class Action settlement.

If you purchased shares of **Bit Digital** between December 21, 2020 and January 11, 2021, **you may be entitled to a cash payment**, but you must act by **[DEADLINE]**.

**This notice affects your legal rights. Please read it carefully.**

*Bit Digital Securities Litigation*
*c/o [CLAIMS ADMINISTRATOR]*
*Address Information*

---

**This card provides limited information about the settlement.**
Go to www.BitDigitalSettlement.com or call (800) 555-5555 to obtain more information.

The United States District Court for the Southern District of New York has preliminarily approved a proposed class action Settlement of all claims in the case *In re Bit Digital Securities Litigation*, No. 1:21-cv-00515 (S.D.N.Y.). The Settlement resolves all the claims that the Defendants violated the Securities Exchange Act of 1934.

You are receiving this Postcard Notice because you or someone in your family may have purchased Bit Digital stock between December 21, 2020 and January 11, 2021, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund of $2.1 million, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit a valid claim. **To qualify for a payment, you must submit a claim form by [DEADLINE].**

For a full description of the Settlement, your rights, and to make a claim, please view the Stipulation and Agreement of Settlement, the Notice, and Claim Form by visiting www.BitDigitalSettlement.com, or call (800) 555-5555 to have a copy of the Notice and Claim Form mailed to you at no expense.

If you do not want to be legally bound by the Settlement, you must exclude yourself by **[DEADLINE]**. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by **[DEADLINE]**. The Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a final settlement hearing in this case on **[DATE]** to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to 25% of the Settlement Fund for attorneys' fees, plus up to $30,000 for expenses and PSLRA awards for Lead Plaintiff. You may attend the hearing and ask to be heard by the Court, but you do not have to.

Exhibit A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: BIT DIGITAL, INC. SECURITIES LITIGATION | Lead Case No. 1:21-cv-00515-ALC |
| This document relates to: | **CLASS ACTION** |
| All Actions | |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT HEARING**

**A Federal Court has authorized this Notice. This is not a solicitation from a lawyer.**

Please read this notice carefully. A $2.1 million settlement has been reached for investors in Bit Digital, Inc. stock between December 21, 2020 and January 11, 2021. If you are a member of the Class, your legal rights will be affected whether you act or not.

**Notice of Pendency of Class Action:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if, during the period between December 21, 2020 and January 11, 2021 inclusive (the "Class Period"), you purchased or otherwise acquired Bit Digital, Inc. ("Bit Digital" or the "Company") common stock.[1]

**Notice of Settlement:** Please also be advised that the Court-appointed Lead Plaintiff, on behalf of himself and the Class (as defined below), have reached a proposed settlement of this Action for $2.1 million in cash that, if approved, would resolve all claims in the Action (the "Settlement").

**Please read this notice carefully.** It explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, **your rights are affected whether or not you act**.

---

[1] Capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Class Action Settlement dated October 12, 2022 (the "Stipulation"), which is available at www.BitDigitalSettlement.com.

Exhibit A-2

If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please do not contact Bit Digital, any other Defendants in the Action, or their counsel. Questions should be directed to Class Counsel or the Claims Administrator (see page XX).

## Description of the Action and the Class

This Notice relates to a proposed Settlement of claims in a pending Action brought by investors alleging, among other things, that Defendants violated the federal securities laws by making materially false and misleading statements, by failing to disclose material adverse facts about the Company's Bitcoin mining operations, its entrance into the Bitcoin industry, and the extent of its operations. The Defendants deny each and every claim and contention alleged in the Action and deny any misconduct or wrongdoing whatsoever. The proposed Settlement, if approved by the Court, will settle all claims of the Class, as defined on page X below.

## Statement of the Class's Recovery

Subject to Court approval, Lead Plaintiff, on behalf of himself and the Class, has agreed to settle the Action in exchange for a settlement payment of $2,100,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund")) less (i) the amount of the Fee and Expense Award and any award to Lead Plaintiff as allowed under the PSLRA, if and to the extent allowed by the Court; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court. The Net Settlement Fund will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages XX-XX below.

## Estimate of the Average Amount of Recovery Per Share

Based on the number of shares of Bit Digital common stock exchanged during the Class Period that may have been affected by the matters at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is approximately 9.2 cents per share. Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Bit Digital common stock and the total number of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages XX-XX below) or such other plan of allocation as may be ordered by the Court.

## Estimate of the Average Amount of Damages Per Share

The Parties do not agree on the average amount of damages per share that would be recoverable if

Exhibit A-2

Lead Plaintiff was to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

## Attorneys' Fees and Expenses Sought

Lead Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception in 2021, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court appointed Lead Counsel, Block & Leviton LLP, will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $30,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Class. Any fees and expenses awarded by the Court, or any Lead Plaintiff Award, shall be paid solely from the Settlement Fund and shall be paid to Lead Counsel, or with respect to a Lead Plaintiff Award, paid to Lead Plaintiff, following an award ordered by the Court, provided that there has been final approval of the Stipulation of Settlement by the Court. If there is any appeal of an award of attorneys' fees and expenses, or of a Lead Plaintiff Award, Lead Counsel shall repay to the Settlement Fund any amount of attorneys' fees or expenses reversed on appeal. Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Bit Digital common stock, if the Court approves Lead Counsel's fee and expense application, is 2.4 cents per eligible share.

## Identification of Attorneys' Representatives

Lead Plaintiff and the Class are represented by Block & Leviton LLP, 260 Franklin Street, Suite 1860, Boston, MA 02110. You may contact BitDigitalSettlement@blockleviton.com, or call (617) 398-5600 to speak with an attorney representing the Class.

## Reasons for the Settlement

Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after motions to dismiss the amended complaint, for class certification, summary judgment, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

Exhibit A-2

| Your Legal Rights and Options in the Settlement | |
|---|---|
| **Submit a claim.**<br><br>Submit a Claim Form online or postmarked no later than _____, 2023 | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (defined below) that you have against Defendants and the other Released Defendant Parties (defined below), so it is in your interest to submit a Claim Form. |
| **Exclude yourself.**<br><br>Exclude yourself from the Class by submitting a written exclusion so that it is received by no later than _____, 2023. | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendant Parties concerning the Released Claims. |
| **Object.**<br><br>Object to the Settlement by submitting a written objection so that it is received no later than _____, 2023. | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **Appear at a hearing.**<br><br>Attend a hearing on _____, and file a Notice of Intention to Appear so that it is received no later than _____, 2023. | Filing a written objection and notice of intention to appear by _____, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **Do nothing.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

Exhibit A-2

| **Why did I get the Notice?** |
|---|

The Court directed that the Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more shares of Bit Digital common stock during the Class Period. The Court also directed that this Notice be posted online at www.BitDigitalSettlement.com. The Court has directed us to disseminate these notices because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* page XX below for details about the Settlement Hearing, including the date and location of the hearing.

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| **How do I know if I am affected by the Settlement?**<br>**Who is included in the Class?** |
|---|

If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class consists of:

> All Persons who purchased Bit Digital common stock between December 21, 2020 and January 11, 2021 inclusive (the "Class Period").

Excluded from the Class are Defendants and their families, the officers, directors, and affiliates, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the Persons who timely and validly seek exclusion from the Class or whose request for exclusion is accepted by the Court. *See* "What if I do not want to be a member of the Class? How do I exclude myself?" on page XX below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

Exhibit A-2

**If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth therein, postmarked or submitted online no later than _____ __, 2023. The Claim Form is available for download online at www.BitDigitalSettlement.com. You may also submit your claim, and the required supporting documentation online at www.BitDigitalSettlement.com.**

| What are Lead Plaintiff's reasons for the Settlement? |
| :---: |

Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Among other things, Lead Plaintiff and the Class faced the risk that they would fail to survive Defendants' Motion to Dismiss, fail to certify a class in whole or in part, that Defendants would succeed in reducing the total amount of damages available to the Class, or would succeed in having the case dismissed in whole or in part at summary judgment or at trial.

Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| What might happen if there were no Settlement? |
| :---: |

If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of his claims against Defendants, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| How are Class members affected by the Action and the Settlement? |
| :---: |

As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When and where will the Court decide whether to approve the settlement?" on page XX below.

If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What if I do not want to be a member of the Class? How do I exclude myself?" on page XX below.

If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or

Exhibit A-2

Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and where will the Court decide whether to approve the Settlement?" on page XX below.

If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim (as defined below) against the Defendants and the other Released Defendants Parties (as defined below), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendant Parties.

"Released Claims" means any and all claims and causes of action of every nature and description whatsoever, including Unknown Claims (defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature, that either were or could have been asserted in this Litigation, which arise out of, are based upon, or are related in any way to both: (i) the purchase or acquisition, or sale of Bit Digital securities; and (ii) the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to, or which could have been alleged, in the initial complaint dated January 20, 2021 and/or any amendments thereto.

"Released Defendant Parties" means (i) Defendants; and (ii) each of their respective family members, and their respective general partners, limited partners, principals, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof in their capacities as such.

"Unknown Claims" means any Released Claims or Released Defendant Claims that Defendants, Lead Plaintiff, or any other Class Member does not know or suspect to exist in such party's favor at the time of the release, which, if known by such party, might have affected such party's decision to settle or release claims. Upon the Effective Date of the Settlement, Defendants, Lead Plaintiff and the Class shall expressly waive, and be deemed to have waived, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE

Exhibit A-2

RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASE PARTY.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members and each of the other Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendant Claims (as defined below) against Lead Plaintiff and the other Release Plaintiff Parties (as defined below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendant Claims against any of the Released Plaintiff Parties. This release shall not apply to any person or entity who or which timely and validly seeks exclusion from the Class or whose request for exclusion is accepted by the Court.

"Released Defendant Claims" means upon the Effective Date, Defendants will release as against Released Plaintiff Parties, all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Released Defendant Claims shall not include any claims relating to the enforcement of the Settlement.

"Released Plaintiff Parties" means: (i) Lead Plaintiff and other Class Members; and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, including Lead Counsel, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

| How do I participate in the Settlement? What do I need to do? |
| :---: |

To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete a Claim Form with adequate supporting documentation. Your Claim Form must be **submitted online or postmarked no later than _____, 2023**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.BitDigitalSettlement.com. You may also request that a Claim Form be mailed to you by emailing the Claims Administrator at info@BitDigitalSettlement.com, or calling toll free at 1-___-

Exhibit A-2

_____-___. Please retain all records of your ownership and transactions in Bit Digital common stock, as they may be needed to document your Claim. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **How much will my payment be?** |
| --- |

At this time, it is not possible to make any determinations as to how much any individual Class Member may receive from the Settlement.

Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid $2,100,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) the amount of the Fee and Expense Award and any award to Lead Plaintiff as allowed under the PSLRA, if and to the extent allowed by the Court; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to receive back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Unless the Court otherwise orders, any Class Member who fails to complete a Claim Form and submit it so that it is postmarked (if mailed) or received (if filed online) no later than _____ __, 2023, shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to the Stipulation, but shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of any Judgment entered and the Releases given. This means that each Class Member releases the Released Claims (as defined on page XX above) against the Released Defendant Parties (as defined on page XX above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Defendant Parties whether or not such Class Member submits a Claim Form.

Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Bit Digital common stock held through the ERISA Plan in any Claim Form that they might submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA

Exhibit A-2

Plan's purchases or acquisitions of Bit Digital common stock during the Class Period may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

## PROPOSED PLAN OF ALLOCATION

1.       The objective of the Plan of Allocation is to equitably distribute the Net Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

2.       The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period during which Lead Plaintiff alleges corrective information was entering the marketplace. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts between December 21, 2020 and January 11, 2021, which had the effect of artificially inflating the prices of Bit Digital common stock.

3.       In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of Bit Digital common stock. The alleged corrective disclosure that removed the artificial inflation from the price of Bit Digital common stock occurred on January 11, 2021 at 2:00 p.m. ET. Accordingly, in order to have a Recognized Loss Amount, a Settlement Class Member who purchased shares of Bit Digital common stock during the Class Period must have held such shares through the alleged corrective disclosure.

4.       The entire Net Settlement Fund shall be distributed to members of the Settlement Class, other than the portion of the Net Settlement Fund that cannot be distributed because of prohibitive administrative costs, which remainder shall be donated to a non-sectarian, non-profit organization.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

Exhibit A-2

5.      Based on the formula stated below, a Recognized Loss Amount will be calculated for each purchase of Bit Digital common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, the Recognized Loss Amount for that transaction will be zero.

6.      For each share of Bit Digital common stock purchased from December 21, 2020 through January 11, 2021 and:

(a)  sold prior to 2:00 p.m. ET on January 11, 2021 (the date and time of the alleged corrective disclosure), the Recognized Loss Amount is zero;

(b)  sold from 2:00 p.m. ET on January 11, 2021 through April 9, 2021, the Recognized Loss Amount is **the lesser of**: (i) $6.27; or (ii) the purchase price per share *less* the average closing price between January 11, 2021 and the date of sale as stated in Table A below;

(c)  held at the close of trading on April 9, 2021, the Recognized Loss Amount is equal to **the lesser of**: (i) $6.27; or (ii) the purchase price per share *less* $17.63.[2]

## **ADDITIONAL PROVISIONS**

7.      A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

8.      The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶13 below) is $10.00 or greater.

9.      If a Class Member has more than one purchase/acquisition or sale of Bit Digital common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings of Bit Digital common stock at the beginning of the Class Period, and then against purchases/acquisitions of Bit Digital common stock, in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

10.     Purchases/acquisitions and sales of Bit Digital common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Bit Digital common stock during

_____

[2] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  The average (mean) closing price of Bit Digital common stock during the 90-day look-back period from January 11, 2021 through and including April 9, 2021 was $17.63.

Exhibit A-2

the Class Period, shall not be deemed a purchase, acquisition, or sale of the Bit Digital common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Bit Digital common stock unless (i) the donor or decedent purchased or otherwise acquired such Bit Digital common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Bit Digital common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

11.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Bit Digital common stock. The date of a "short sale" is deemed to be the date of sale of the Bit Digital common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Bit Digital common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

12.    Bit Digital publicly traded common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts are not securities eligible to participate in the Settlement. With respect to Bit Digital common stock purchased or sold through the exercise of an option, the purchase/sale date of the Bit Digital common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

13.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining

Exhibit A-2

balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Class Counsel and approved by the Court.

15.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, Lead Plaintiff's damages expert, Defendants, Defendants' Counsel, any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

16.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.BitDigitalSettlement.com.

## TABLE A

### Bit Digital Common Stock Closing Price and Average Closing Price
### January 11, 2021 – April 9, 2021

| Sale Date | Closing Price | Average Closing Price Between January 11, 2021 and Date Shown | Sale Date | Closing Price | Average Closing Price Between January 11, 2021 and Date Shown |
|---|---|---|---|---|---|
| 1/11/2021 | $18.76 | $18.76 | 2/25/2021 | $15.39 | $19.50 |
| 1/12/2021 | $19.65 | $19.21 | 2/26/2021 | $14.76 | $19.35 |
| 1/13/2021 | $18.16 | $18.86 | 3/1/2021 | $16.55 | $19.27 |
| 1/14/2021 | $18.12 | $18.67 | 3/2/2021 | $15.64 | $19.17 |
| 1/15/2021 | $16.66 | $18.27 | 3/3/2021 | $15.50 | $19.07 |
| 1/19/2021 | $16.46 | $17.97 | 3/4/2021 | $13.45 | $18.91 |
| 1/20/2021 | $16.72 | $17.79 | 3/5/2021 | $13.26 | $18.77 |
| 1/21/2021 | $16.36 | $17.61 | 3/8/2021 | $12.18 | $18.60 |
| 1/22/2021 | $17.47 | $17.60 | 3/9/2021 | $15.90 | $18.53 |
| 1/25/2021 | $16.37 | $17.47 | 3/10/2021 | $17.63 | $18.51 |

Exhibit A-2

| Sale Date | Closing Price | Average Closing Price Between January 11, 2021 and Date Shown | | Sale Date | Closing Price | Average Closing Price Between January 11, 2021 and Date Shown |
|---|---|---|---|---|---|---|
| 1/26/2021 | $17.66 | $17.49 | | 3/11/2021 | $18.30 | $18.50 |
| 1/27/2021 | $16.11 | $17.38 | | 3/12/2021 | $17.99 | $18.49 |
| 1/28/2021 | $19.54 | $17.54 | | 3/15/2021 | $18.94 | $18.50 |
| 1/29/2021 | $19.42 | $17.68 | | 3/16/2021 | $16.62 | $18.46 |
| 2/1/2021 | $18.22 | $17.71 | | 3/17/2021 | $17.83 | $18.45 |
| 2/2/2021 | $18.54 | $17.76 | | 3/18/2021 | $16.34 | $18.40 |
| 2/3/2021 | $18.55 | $17.81 | | 3/19/2021 | $16.94 | $18.37 |
| 2/4/2021 | $18.99 | $17.88 | | 3/22/2021 | $15.84 | $18.32 |
| 2/5/2021 | $17.51 | $17.86 | | 3/23/2021 | $14.78 | $18.25 |
| 2/8/2021 | $25.60 | $18.24 | | 3/24/2021 | $13.49 | $18.15 |
| 2/9/2021 | $24.55 | $18.54 | | 3/25/2021 | $13.91 | $18.07 |
| 2/10/2021 | $22.05 | $18.70 | | 3/26/2021 | $13.56 | $17.99 |
| 2/11/2021 | $24.45 | $18.95 | | 3/29/2021 | $12.94 | $17.89 |
| 2/12/2021 | $24.30 | $19.18 | | 3/30/2021 | $14.60 | $17.83 |
| 2/16/2021 | $28.26 | $19.54 | | 3/31/2021 | $15.02 | $17.78 |
| 2/17/2021 | $26.66 | $19.81 | | 4/1/2021 | $14.33 | $17.72 |
| 2/18/2021 | $21.70 | $19.88 | | 4/5/2021 | $16.75 | $17.71 |
| 2/19/2021 | $21.06 | $19.93 | | 4/6/2021 | $16.76 | $17.69 |
| 2/22/2021 | $18.71 | $19.88 | | 4/7/2021 | $15.42 | $17.65 |
| 2/23/2021 | $15.34 | $19.73 | | 4/8/2021 | $16.85 | $17.64 |
| 2/24/2021 | $16.61 | $19.63 | | 4/9/2021 | $16.96 | $17.63 |

## What payment are the attorneys for the Class seeking? How will the lawyers be paid?

Lead Counsel has not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $30,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## What if I do not want to be a member of the Class? How do I exclude myself?

Exhibit A-2

Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to Bit Digital, Inc. Securities Litigation, EXCLUSIONS, c/o Kroll Settlement Administration, P.O. Box ___, _____.  The exclusion request must be **_received_** no later than _____, 2023.  You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the Person requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such Person "requests exclusion from the Settlement Class in *In re Bit Digital Inc. Securities Litigation* Lead Case No. 1:21-cv-00515-ALC "; (c) identify and state the number of shares of Bit Digital common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court. You may not exclude yourself by telephone or by email.

If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Claim against any of the Released Defendant Parties.

If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

| |
|---|
| **When and where will the Court decide whether to approve the Settlement? Do I have to come to the hearing? May I speak at the hearing if I don't like the Settlement?** |

**Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

The Settlement Hearing will be held on _____, 2023 at __:__ _.m., before the Honorable Andrew L. Carter, Jr. at the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2023. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are **_received_**

Exhibit A-2

**on or before _____, 2023**.

| <u>**Clerk's Office**</u> | <u>**Lead Counsel**</u> | <u>**Defendants' Counsel**</u> |
|---|---|---|
| United States District Court | **Block & Leviton LLP** | **Kagen, Caspersen &** |
| Southern District of New York | Jacob A. Walker | **Bogart PLLC** |
| Clerk of the Court | 260 Franklin Street, Suite 1860 | Stuart Kagen |
| 40 Foley Square | Boston, MA 02110 | 757 Third Avenue, 20th Fl |
| New York, NY 10007 | | New York, NY 10017 |

Any objection: (a) must state the name, address and telephone number of the Person objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Bit Digital common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____**, 2023**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth on page XX above so that the notice is *received* **on or before _____, 2023.**

The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

Exhibit A-2

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| Special Notice to Banks, Brokers, and other Nominees |
|---|

If you purchased or otherwise acquired any Bit Digital common stock between December 21, 2020 and January 11, 2021, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners or request information sufficient to allow the postcard notice to be emailed, and within seven (7) calendar days of receipt of those Postcard Notices (or the necessary information for email) forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to info@BitDigitalSettlement.com.  If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners by postcard or, if available, electronic means.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.20 per notice, plus postage (if applicable), by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Long Form Notice, Postcard Notice, and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.BitDigitalSettlement.com.

| Can I see the court file? Whom should I contact if I have questions? |
|---|

This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular hours at the Office of the Clerk, United States District Court for the Southern District of New York, Clerk of the Court, 40 Foley Square, New York, NY 10007. Additionally, copies of the Stipulation and any related order entered by the Court will be posted on the website maintained by the Claims Administrator, www.BitDigitalSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Class Counsel at:

|  |  |  |
|---|---|---|
| *Bit Digital, Inc. Securities Litigation* | and/or | **Block & Leviton LLP** |
| c/o Kroll Settlement Administration | | 260 Franklin Street, Suite 1860 |
| P.O. Box _____ | | Boston, MA 02110 |
| _____ | | Telephone:  (617) 398-5600 |
| 800-___-_____ | | Email: |
| www.BitDigitalSettlement.com | | BitDigitalSettlement@blockleviton.com |

Exhibit A-2

**Do not call or write the Court, the Office of the Clerk of the Court, Defendants or their Counsel regarding this Notice.**

[DATE]                              By Order of the Court

                                   United States District Court, Southern District of New York

Exhibit A-3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: BIT DIGITAL, INC. SECURITIES LITIGATION | Lead Case No. 1:21-cv-00515-ALC |
| This document relates to: | **CLASS ACTION** |
| All Actions | |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT HEARING

**TO:** **All Persons who purchased Bit Digital common stock between December 21, 2020 and January 11, 2021, inclusive (the "Class Period")**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, that the Court-appointed Lead Plaintiff, on behalf of himself and the Class, has reached a proposed settlement of the above-captioned litigation (the "Action") for $2,100,000 in cash that, if approved, would resolve all claims in the Action (the "Settlement"). Defendants have denied the claims asserted against them and have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.

YOU ARE HEREBY FURTHER NOTIFIED, that the Action has been preliminarily certified as a class action, and that pursuant to an Order of the Honorable Andrew L. Carter in the United States District Court for the Southern District of New York (the "Court"), dated _____, 2022, a hearing will be held on _____, 2023 at ____:____.m, (the "Settlement Hearing") before Judge Carter at the United States District Court for the Southern District of New York,  40 Foley Square, New York, NY 10007, to determine: (a) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) whether a judgment should be entered dismissing the Action with prejudice against the Defendants; (c) whether the Proposed Plan of Allocation should be approved as fair and reasonable; and (d) whether Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses should be approved.

If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.BitDigitalSettlement.com. You may also obtain copies of the Notice

Exhibit A-3

and Claim Form by contacting the Claim Administrator at info@BitDigitalSettlement.com, or by writing to *Bit Digital Litigation Settlement*, c/o Kroll Settlement Administration, [ADDRESS].

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked (if mailed) or submitted (if filed online)* no later than _____, 2023. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than _____ _, 2023, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2023, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Bit Digital or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Block & Leviton LLP
Attn: Jacob A. Walker
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Email: BitDigitalSettlement@blockleviton.com

Requests for the Notice and Claim Form should be made to info@BitDigitalSettlement.com, or by mail to:

*Bit Digital, Inc. Securities Litigation*
c/o Kroll Settlement Administration
P.O Box _____
1-800-___-____
www.BitDigitalSettlement.com

By Order of the Court

Exhibit A-4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: BIT DIGITAL, INC. SECURITIES LITIGATION | Lead Case No. 1:21-cv-00515-ALC |
| This document relates to: | **CLASS ACTION** |
| All Actions | |

## PROOF OF CLAIM AND RELEASE

***General Instructions***

- This Proof of Claim and Release form ("Claim Form") incorporates by reference the definitions in the Notice of Pendency of Class Action and Proposed Settlement; Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and Settlement Hearing (the "Notice") and, unless defined herein, capitalized words and terms shall have the same meanings as they have in the Notice.

- To recover as a member of the Class based on your claims in the above-captioned Action, you must complete this Claim Form. If you fail to file a properly addressed (as set forth below) Claim Form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

- Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

You **must submit your completed and signed Claim Form by _____, 2023, online at** *www.BitDigitalSettlement.com* *or by mail addressed as follows:*

### Bit Digital, Inc. Securities Litigation

### *P.O. Box _____*
_____

- A Claim Form shall be deemed to have been submitted when postmarked, if mailed by first-class, or registered or certified mail, postage prepaid. All other Claim Forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator.

*Questions? Call 1-800-_____ or visit*
*www.BitDigitalSettlement.com*

Exhibit A-4

- If you are **NOT** a member of the Class, as defined in the Notice, **DO NOT** submit a Claim Form.

- If you are a member of the Class, you are bound by the terms of the Stipulation and the Settlement, as well as any Order and Judgment entered in the Action **whether or not you submit a Claim Form.**

### *Claimant Identification*

If you purchased or otherwise acquired Bit Digital, Inc. common stock between December 21, 2020 through January 11, 2021, inclusive, (the "Class Period), and held (or hold) the stock certificate(s) in your name, you are the beneficial owner as well as the record owner. If, however, the stock certificate(s) were or are registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

Name of Beneficial Owner (Enter name exactly as you would like it to appear on a payment.)

Owner's Name

Owner's Name (continued)

Owner's Name (continued)

Street Address:

Street Address (continued):

| City: | State: | Zip Code: |
|---|---|---|

Foreign Province and Postal Code: | Country:

E-mail Address: | Telephone No.:

Account Number / Fund Number (not necessary for individual filers):

Last 4 Digits of Social Security Number (SSN) or Employer Identification Number (EIN)

*Questions? Call 1-800-_____ or visit*
*www.BitDigitalSettlement.com*

Exhibit A-4

**This claim must be made by the actual beneficial owner or owners, or the legal representative(s) of such owner or owners, of the Bit Digital common stock upon which this claim is based.**

```
[                                                                      ]
```

All joint beneficial purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons and/or entities represented by them and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the taxpayer identification number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

*Claim Form*

- In the space provided on the following page, supply all required details of your transaction(s) in Bit Digital common stock. If you need more space, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

- Please provide all of the requested information with respect to ***all*** of your purchases, acquisitions, and sales of Bit Digital common stock which took place at any time during the Class Period, whether such transactions resulted in a profit or loss. Failure to report all such transactions may result in the rejection of your claim.

- List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

- You must submit documentation for your trading history. Acceptable documentation may include: (a) monthly stock brokerage or other investment account statements; (b) trade confirmation slips; (c) a signed letter from your broker on firm letterhead containing the transactional and holding information found in a broker confirmation slip or account statement; or (d) other equivalent proof of your transactions. **Do not send originals.** Broker confirmations or other documentation of your transactions in Bit Digital common stock should be attached to your claim. Failure to provide this documentation could delay verification or your claim or result in rejection of your claim.

- The requests are designed to provide the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at claimant's cost.

*Questions? Call 1-800-_____ or visit*
*www.BitDigitalSettlement.com*

Exhibit A-4

State the total amount of shares of Bit Digital common stock owned as of the opening of trading on December 21, 2020. If none, write "zero" or "0." _____

List each individual **purchase or acquisition** of Bit Digital common stock between and including December 21, 2020 and January 11, 2021, as follows:

| Date(s) of Purchase (list chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased/Acquired | Purchase Price Per Share of Common Stock | Aggregate Cost (net of commissions, taxes, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

State the total amount of shares of Bit Digital common stock purchased/acquired (including free receipts) between and including January 12, 2021 and April 9, 2021. If none, write "zero" or "0."[1] _____

List each individual **sale** of Bit Digital common stock between and including December 21, 2020 and April 9, 2021, as follows:

| Date(s) of Sale (list chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sales Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

---

[1] Please note: Information requested with respect to your purchases/acquisitions of Bit Digital common stock from January 12, 2021 through and including April 9, 2021 is needed in order to perform the necessary calculations for your claim; purchases acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

*Questions? Call 1-800-_____ or visit*
*www.BitDigitalSettlement.com*

Exhibit A-4

At the close of trading on April 9, 2021, how many shares of Bit Digital common stock did you hold?

_____ shares

### *Certification - Submission to Jurisdiction of Court, Acknowledgements and Releases*

**Please review the following submission to jurisdiction and sign below on page 6.**

I (we) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement dated as of October 12, 2022 ("Stipulation"), and in connection with the settlement (the "Settlement") of claims against the Defendants contemplated therein. I (we) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any Order and Judgment (defined below) that may be entered in the Action. I (we) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (we) have not submitted any other claim covering the same purchases, acquisitions, and sales of Bit Digital common stock during the Class Period and know of no other person or entity having done so on my (our) behalf.

**Please review the following release for claims against Defendants and sign below on page 6.**

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever waive, compromise, settle, release, resolve, relinquish, discharge and dismiss all of the Released Claims against each and all of the Defendants and Released Defendant Parties as contemplated in the Stipulation.

The Stipulation contemplates the issuance of a judgment (the "Judgment"), which will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, and Released Plaintiff Parties, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim against the Defendants and the other Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendant Parties.

Unknown Claims are expressly included in the definition of Released Claims, and such inclusion was expressly bargained for and was a material element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation. "Unknown Claims" means Released Claims or Released Defendant Claims that Defendants, Lead Plaintiff, or any other Class Member does not know or suspect to exist in such party's favor at the time of the release, which, if known by such party, might have affected such party's decision to settle or release claims. Upon the Effective Date of the Settlement, Defendants, Lead Plaintiff and the Class shall expressly

*Questions? Call 1-800-_____ or visit*
*www.BitDigitalSettlement.com*

Exhibit A-4

waive, and be deemed to have waived, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASE PARTY.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members and each of the other Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement. This release shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.
**Please review the following representations and sign below on page 6.**

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases or acquisitions of Bit Digital common stock that occurred during the Class Period, all of my (our) sales of Bit Digital common stock between and including December 21, 2020 and April 12, 2021, and the number of shares of Bit Digital common stock held by me (us) at the close of trading on April 12, 2021.

I (We) hereby warrant and represent that I am (we are) not excluded from the Class as defined in the Notice.

I (We) declare under the penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

*Questions? Call 1-800-_____ or visit*
*www.BitDigitalSettlement.com*

Exhibit A-4

| | |
|---|---|
| Executed this _____ of _____ in _____, _____. <br><br> _____ <br> (Signature of Claimant) <br><br> _____ <br> (Type or print name of Claimant) <br><br> _____ <br> (Capacity of person signing above, *e.g.*, Beneficial Purchaser(s), Administrator, Executor, Trustee, Custodian, Power of Attorney, etc.) <br><br> Proof of Authority to File Enclosed? <br> _____Yes _____ No <br> (*See Section ___*) | Executed this _____ of _____ in _____,_____. <br><br> _____ <br> (Signature of Claimant) <br><br> _____ <br> (Type or print name of Claimant) <br><br> _____ <br> (Capacity of person signing above, *e.g.*, Beneficial Purchaser(s), Administrator, Executor, Trustee, Custodian, Power of Attorney, etc.) <br><br> Proof of Authority to File Enclosed? <br> _____Yes _____ No <br> (*See Section ___*) |

**Accurate claims processing takes a significant amount of time.**
**Thank you for your patience.**

**Reminder Checklist:**

1. Please sign the Certification section of the Proof of Claim and Release on Page 6.

2. If this claim is being made on behalf of joint beneficial claimants, both must sign.

3. Remember to attach supporting documentation.

4. Do not send original stock certificates.

5. Do not highlight any portion of the Claim Form or any supporting documents.

6. Keep a copy of your Proof of Claim and Release form and all documents submitted for your records.

7. The Claims Administrator will acknowledge receipt of your Proof of Claim and Release form by mail within 60 days. Your claim is not deemed submitted until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at (___) ___-____.

8. If you move, please send the Claims Administrator your new address.

**THESE FORMS AND YOUR SUPPORTING DOCUMENTATION**
**MUST BE SUBMITTED NO LATER THAN _____, 2023.**

*Questions? Call 1-800-_____ or visit*
*www.BitDigitalSettlement.com*

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: BIT DIGITAL, INC. SECURITIES LITIGATION<br><br>   This document relates to:<br><br>   All Actions | Lead Case No. 1:21-cv-00515-ALC<br><br>**<u>CLASS ACTION</u>**<br><br>**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, a class action is pending in this Court entitled *In re: Bit Digital, Inc. Securities Litigation*, No. 1:21-cv-00515-ALC (the "Action");

WHEREAS, (a) Lead Plaintiff Joseph Franklin Monkam Nitcheu ("Lead Plaintiff"), on behalf of himself and the Class (defined below) and (b) Defendants Bit Digital, Inc. and Erke Huang (the "Defendants") (collectively with Lead Plaintiff, the "Settling Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Class Action Settlement dated October 12, 2022 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2022 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Class solely for the purpose of effectuating the Settlement, finding the prerequisites for class action certification under Rule 23 of the Federal Rules of Civil Procedure with respect to the Settlement Class were satisfied; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____ __, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties

1

and each of the Class Members.

2.      __Incorporation of Settlement Documents__ – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____, 2021; and (b) the Postcard Notice, the Notice, the Summary Notice, and the Proof of Claim form, all of which were filed with the Court on _____, 2022.

3.      __Certification of the Class for Purposes of Settlement__ – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of the Class defined as: all Persons who purchased Bit Digital common stock between December 21, 2020 and January 11, 2021, inclusive (the "Class Period"). Excluded from the Class are Defendants and their families, the officers, directors, and affiliates, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the Persons who timely and validly submitted a request for exclusion from the Class that was accepted by the Court; such Persons are listed on the attached Exhibit A.

4.      Lead Plaintiff is hereby appointed, for purposes of effectuating the Settlement only, as representative for the Class for purposes of Federal Rule of Civil Procedure 23. Block & Leviton LLP, who was appointed by the Court to serve as Lead Counsel, is hereby appointed, for settlement purposes only, as counsel for the Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

5.      __Notice__ – The Court finds that the dissemination of the Notice, the online posting of the Notice, and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Class; and

(vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), as amended, and all other applicable law and rules.

6.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class.  The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice.  The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9.      **Releases** – The Releases set forth in paragraph 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Defendant Parties (whether or not such Class Member executes

3

and delivers a Proof of Claim and Release form) any and all Released Claims (including, without limitation, Unknown Claims).   The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of § 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.   Upon the Effective Date, Lead Plaintiff and each of the Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, prosecution, or enforcement against any Released Defendant Parties of any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims.

(b)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date, Defendants will release as against Released Plaintiff Parties, all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants.

10.    Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.    **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the

execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

      (a)    shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

      (b)    shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendants Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

      (c)    shall be construed against any of the Released Plaintiff Parties or Released Defendant Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Settling Parties and the Released Plaintiff Parties and Released Defendant Parties and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members and Defendants, and the Settling Parties shall revert to their respective positions in the Action as of August 12, 2022, as provided in the Stipulation.

17.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2022.

_____
The Honorable Andrew L. Carter, Jr.
United States District Judge