UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: BIT DIGITAL, INC. SECURITIES LITIGATION<br><br>This document relates to:<br><br>All Actions | Lead Case No. 1:21-cv-00515-ALC |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AN AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

**BLOCK & LEVITON LLP**
Jeffrey C. Block
Jacob A. Walker, *pro hac vice*
Sarah E. Delaney
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600
jeff@blockleviton.com
jake@blockleviton.com
sarah@blockleviton.com

*Attorneys for Lead Plaintiff and the Class*

Lead Plaintiff Joseph Franklin Monkam Nitcheu, on behalf of himself and the Class, and Lead Counsel respectfully submit this reply memorandum in further support of Lead Plaintiff's motion for final approval of the Settlement and Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and expenses and an award to Lead Plaintiff.[1]

## I. PRELIMINARY STATEMENT

The Settlement resolves this Litigation in its entirety and establishes a common fund of $2,100,000 for the benefit of Class Members. As detailed in Lead Plaintiff's and Lead Counsel's opening papers (ECF Nos. 71-76), the Settlement is the product of hard-fought litigation and extensive arm's-length negotiations between experienced and knowledgeable counsel. It represents a very favorable result for the Class in light of the substantial risks and challenges that Lead Plaintiff and the Class faced in proving liability and defeating Defendants' many arguments in response, as well as the costs and delays of continued litigation and prospective collection difficulties from Bit Digital.

In response to the Court-approved notice program, which involved mailing 11,523 copies of the Postcard Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Hearing to potential Class Members and nominees and transmitting the Summary Notice over *PR Newswire*, not a single objection was filed, and no requests for exclusion from the Class have been received. This reaction of the Class further demonstrates that the proposed Settlement, Plan of

---

[1] Unless otherwise noted, all capitalized terms are defined in the Stipulation and Agreement of Class Action Settlement dated October 12, 2022, which is attached to the Declaration of Jacob A. Walker, dated October 24, 2022, as Exhibit 1. ECF No 68. The Supplemental Declaration of Justin R. Hughes Regarding Notice Dissemination, Publication, and Requests for Exclusion and Objections Received to Date ("Suppl. Hughes Decl."), dated February 28, 2023, is submitted herewith. All citations are omitted and emphasis is added, unless otherwise noted.

1

Allocation, and request for fees and expenses and an award to Lead Plaintiff are fair and reasonable and should be approved.

## II. THE CLASS OVERWHELMINGLY SUPPORTS THE SETTLEMENT

Lead Plaintiff and Lead Counsel respectfully submit that their opening briefs and declarations demonstrate why approval of the motions is warranted. Now that the time for objecting or requesting exclusion from the Class has passed, the lack of objections and total absence of opt outs from the Class provides additional support for approval of the motions.

Pursuant to the Court's Preliminary Approval Order, more than 11,523 copies of the Postcard Notice have been mailed to potential Class Members and their nominees. *See* Suppl. Hughes Decl., ¶2. The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Amount and payment of litigation expenses in an amount not to exceed $30,000, and that Lead Plaintiff may request an award related to his representation of the Class. *See* Notice (ECF No. 75-2), at 2-3. The Notice also apprised Class Members of their right to object to the proposed Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses, their right to exclude themselves from the Class, the February 14, 2023 deadline for filing objections and requests for exclusion, and the March 21, 2023 deadline for submitting a Claim Form. *See id.* at 3-4. The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was transmitted over *PR Newswire*. *See* ECF No. 75-2, Declaration of Justin R. Hughes Regarding Notice Dissemination, Publication, and Requests for Exclusion and Objections Received to Date, ¶9. In addition, the Claims Administrator

established a case-specific website which provided information and links to relevant documents (*id.*, ¶11), and a case-specific toll-free telephone helpline. *Id.*, ¶10.

As noted above, following this notice program, no Class Members objected to any aspect of the Settlement, the Plan of Allocation, or the fee and expense application, and no Class Members requested exclusion from the Class. The absence of objections and requests for exclusion strongly supports a finding that the Settlement, Plan of Allocation, and fee and expense requests are fair, reasonable, and adequate. *See, e.g., Rosi v. Aclaris Therapeutics, Inc.*, No. 19-cv-7118-LJL, 2021 WL 5847420, at *5 (S.D.N.Y. Dec. 9, 2021) (lack of class member objections and one request for exclusion supported final approval); *Puddu v. 6D Glob. Techs., Inc.*, No. 15-cv-8061-AJN, 2021 WL 1910656, at *4 (S.D.N.Y. May 12, 2021) (lack of objections and requests for exclusion "strongly favors approval."); *Oklahoma Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*, No. 17-cv-5543, 2021 WL 76328, at *2 (S.D.N.Y. Jan. 7, 2021) ("no class members objected or opted out, which strongly favors approval."); *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (with "a mere eleven objections" from class members, "[t]he numbers here overwhelmingly support approval of the settlement").

"The favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry." *Pearlstein v. BlackBerry Ltd.*, No. 13-cv-7060-CM-KHP, 2022 WL 4554858, at *3 (S.D.N.Y. Sept. 29, 2022) (citing *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005)). "If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." *Id.* (quoting *Wal-Mart*, 396 F.3d at 118). "The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement." *In re*

*Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. Nov. 26, 2018), *aff'd*, 822 F. App'x 40 (2d Cir. 2020).

Moreover, the absence of any objection or requests for exclusion by sophisticated institutional investors is further evidence of the fairness of the Settlement. *See In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("the absence of objections by these sophisticated class members is further evidence of the fairness of the Settlement"); *In re Citigroup*, 965 F. Supp. 2d at 382 (the lack of objections from institutional investors supported approval of settlement).

The lack of objections from Class Members also supports approval of the Plan of Allocation. *See Signet Jewelers*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("The reaction of the Class also supports approval of the Plan of Allocation"); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05-MDL-01695-CM, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the positive reaction of the Class should also be considered with respect to Lead Counsel's request for an award of attorneys' fees and expenses. The absence of any objections to Lead Counsel's requested award of fees and expenses supports a finding that the request is fair and reasonable. *See Aclaris Therapeutics*, 2021 WL 5847420, at *8 ("The absence of objections and the singular request for exclusion weighs in favor of the fee application."); *In re Veeco*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the absence of any class member objections "suggests that the fee request is fair and reasonable"); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (the lack of any objection to the fee request supported its

4

approval). The lack of any objections by institutional investors further supports approval of the fee and expense request. *See In re Bisys Sec. Litig.*, No. 04 Civ. 3840-JSR, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (lack of objections from institutional investors "who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive" supported the approval of fee request).

### III. CONCLUSION

For the reasons set forth above, and the reasons set forth in Lead Plaintiff's and Lead Counsel's opening papers, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement and Plan of Allocation and award the requested attorneys' fees and expenses and award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4).[2]

DATED: February 28, 2023

/s/ Jacob A. Walker
Jeffrey C. Block
Jacob A. Walker, *pro hac vice*
Sarah E. Delaney
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
jake@blockleviton.com
sarah@blockleviton.com

*Lead Counsel for Lead Plaintiff and the Class*

---

[2] The proposed: (i) Final Judgment; (ii) Order Approving Plan of Allocation; and (iii) Order Awarding Attorneys' Fees and Expenses and Award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), are submitted herewith.

## CERTIFICATE OF SERVICE

I, Sarah E. Delaney, hereby certify that on February 28, 2023, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

>   */s/ SARAH E. DELANEY*
>   SARAH E. DELANEY