**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: BIT DIGITAL, INC. SECURITIES LITIGATION<br><br>This document relates to:<br><br>All Actions | Lead Case No. 1:21-cv-00515-ALC |

**[PROPOSED] FINAL JUDGMENT**

 

**BLOCK & LEVITON LLP**
Jeffrey C. Block
Jacob A. Walker, *pro hac vice*
Sarah E. Delaney
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600
jeff@blockleviton.com
jake@blockleviton.com
sarah@blockleviton.com

*Attorneys for Lead Plaintiff and the Class*

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice to the Class ("Preliminary Approval Order") dated November 22, 2022.  (ECF No. 69) ("Preliminary Approval Order"), on the application of the parties for approval of the Settlement set forth in the Stipulation of Class Action Settlement dated October 12, 2022 (ECF No. 68-1) ("Stipulation").  Due and adequate notice having been given to the Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.  This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including Class Members.

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, a Class defined as: all Persons who purchased Bit Digital common stock between December 21, 2020 and January 11, 2021, inclusive (the "Class Period").  Excluded from the Class are Defendants and their families; the officers, directors, and affiliates, and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest.

4. Also excluded from the Class is any Person who would otherwise be a Class Member but who validly and timely requested exclusion in accordance with the requirements set by the Court, of which there are none.

5. The Court finds that (a) the Members of the Class are so numerous that joinder of all Class Members in the Class are impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and his counsel have fairly and adequately represented and protected the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Class Members individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

   a. said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

   b. there was no collusion in connection with the Stipulation;

   c. the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

   d. the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

7. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Litigation and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

8. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

9. Upon the Effective Date, and as provided in the Stipulation, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties.

10. Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiff, each and all of the Class Members, and Lead Counsel. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

11. The Notice of Pendency of Class Action and Proposed Settlement given to the Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

12. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Persons, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The

Defendants and/or their respective Related Persons may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall restored to their respective positions in the Litigation as of August 12, 2022, as provided in the Stipulation.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Court directs immediate entry of this Judgment by the Clerk of Court.

SO ORDERED.

DATED: February 28, 2023

                                                                                     _____
                                                                                     Honorable Andrew L. Carter, Jr.
                                                                                     United States District Judge

8

## CERTIFICATE OF SERVICE

    I, Sarah E. Delaney, hereby certify that on February 28, 2023, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

                                                                                                  */s/ SARAH E. DELANEY*
                                                                                                    SARAH E. DELANEY