**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: BIT DIGITAL, INC. SECURITIES LITIGATION<br><br>This document relates to:<br><br>All Actions | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#: _____<br>DATE FILED: 3/7/2023<br><br>Lead Case No. 1:21-cv-00515-ALC |

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO
LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78(u)-4(a)(4)**

**BLOCK & LEVITON LLP**
Jeffrey C. Block
Jacob A. Walker, *pro hac vice*
Sarah E. Delaney
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600
jeff@blockleviton.com
jake@blockleviton.com
sarah@blockleviton.com

*Attorneys for Lead Plaintiff and the Class*

This matter having come before the Court on February 3, 2023, on the motion of Lead Counsel for an award of attorneys' fees and expenses and an award to Lead Plaintiff (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Class Action Settlement dated October 12, 2022 (ECF No. 68-1) ("Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Class Members who have not timely and validly requested exclusion.

3. Notice of Lead Counsel's Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

4. The Court hereby awards attorneys' fees of $ 525,000          , which is equal to 25% of the Settlement Amount, plus expenses in the amount of $ 14,941.79          , together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair,

reasonable, and appropriate under the "percentage-of-recovery" method, as well as the lodestar cross-check.

5. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel immediately upon execution of the Final Judgment and Order of Dismissal with Prejudice and this Order and subject to the terms, conditions, and obligations of the Stipulation, and in particular ¶¶7.1-7.2 thereof, which terms, conditions, and obligations are incorporated herein.

6. In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

   a. the Settlement has created a fund of $2,100,000.00 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

   b. over 11,523 copies of the Postcard Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 25% of the Settlement Amount and for expenses in an amount not to exceed $30,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

   c. Lead Counsel pursued the Litigation and achieved the Settlement with skill and diligent advocacy;

   d. Lead Counsel expended substantial time and effort pursuing the Litigation on behalf of the Class;

   e. Lead Counsel pursued the Litigation entirely on a contingent basis;

  f. the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

  g. had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

  h. public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

  i. the attorneys' fees and expenses awarded hereby are fair and reasonable and consistent with awards in similar cases within the Second Circuit.

7. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $ 5,000 to Lead Plaintiff for the time he spent directly related to his representation of the Class.

8. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

The Clerk of the Court is respectfully directed to terminate ECF No. 73.

SO ORDERED:

/s/ Andrew L. Carter, Jr.
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated: March 7, 2023