**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: BIT DIGITAL, INC. SECURITIES LITIGATION | Lead Case No. 1:21-cv-00515-ALC |

**LEAD PLAINTIFF'S MOTION FOR DISTRIBUTION OF NET SETTLEMENT FUND**

Lead Plaintiff, Joseph Franklin Monkam Nitcheu, moves the Court for an Order (a) approving the administrative determinations of the Court-appointed Claims Administrator, Kroll Settlement Administration LLC ("Kroll") concerning the acceptance and rejection of the Claims submitted as recommended in the Distribution Declaration of Robert Cormio In Support of Motion for Class Distribution Order (the "Kroll Declaration" or "Kroll Decl."), and (b) directing payment of the Net Settlement Fund to the Authorized Claimants.[1]

I. **Introduction**

On October 24, 2022, the Parties entered into a Stipulation to settle and resolve all claims asserted in the Action. (ECF 68-1).

On November 22, 2022, the Court entered the Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice to the Class (the "Preliminary Approval Order") (ECF No. 69).

On March 7, 2023, the Court held a Final Approval Hearing, following which, the Court granted Final Approval of the Settlement and issued its Order and Final Judgment (the "Final Approval Order") (ECF Nos. 82 and 84).

Class Counsel has been advised by the Claims Administrator, Kroll, that it has completed all analyses and accounting procedures concerning the Proofs of Claim forms submitted by persons who responded to the Notice and has determined which Claimants are Authorized Claimants. There are no outstanding requests for Court review of the administrative determinations. Kroll Decl. ¶ 25.

All that remains to complete the Settlement Process is to distribute the Net Settlement

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement, dated October 24, 2022 (the "Stipulation") (ECF No. 68-1), and/or the Kroll Declaration.

Fund to the Authorized Claimants. Class Counsel requests that such distribution is permitted.

## II. Kroll's Determination of Proofs of Claim

Kroll received 2,192 Proofs of Claim through March 21, 2024.[2] Kroll Decl. ¶ 6. After processing and analyzing those claims, Kroll determined there were deficiencies in some of those Claims. Kroll Decl. ¶ 19, 23. Kroll notified Claimants of these deficiencies and allowed Claimants to correct or amend their Claim Forms. Kroll Decl. ¶ 21, 23. Kroll then analyzed all submitted corrected Proof of Claim Forms to determine their eligibility. Kroll Decl. ¶ 22, 24. If the response corrected the defect(s) or affected the Claim's status, Kroll updated the database to reflect the change in status of the Claim. Kroll Decl. ¶ 22, 24. Through March 21, 2024, Kroll received three (3) requests for Court Review, all of which were resolved and/or withdrawn by the Claimant. Kroll Decl. ¶ 25. Therefore, there are no outstanding requests for Court review of the administrative determinations. Kroll Decl. ¶ 25.

Ultimately, Kroll found that of the 2,192 claims that were received through March 21, 2024, 660 Claims were acceptable in whole or in part and were eligible to recover losses per the Plan of Allocation. Kroll Decl. ¶ 34. Of Proofs of Claim submitted, 1,532 claims were rejected

---

[2] The deadline to submit a Claim Form was March 21, 2023. Kroll Decl. ¶ 6. Through March 21, 2024, Kroll received 43 Claims that were postmarked or received after March 21, 2023, deadline. Kroll Decl. ¶ 26. 8 of those Proofs of Claim were found to be otherwise eligible in whole or in part. Kroll Decl. ¶ 26. Kroll has not rejected any claim for arriving late, but requests that the cut-off date for the receipt of any Proof of Claim be March 21, 2024. Kroll Decl. ¶ 27. Because the Net Settlement Amount was fixed, there is no prejudice to Defendants in accepting late claims, and there has been no delay in the administration. *See Stipulation* (ECF No. 68-1 at 52) ("Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to receive back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final."); *see also* Kroll Decl. ¶26 ("[Kroll] believes no delay has resulted from the provisional acceptance of this Late But Otherwise Eligible Claims.").

for ineligibility, deficiencies, or because the claimant had no Recognized Loss. Kroll Decl. ¶ 34. For each eligible Claim, Kroll has calculated the eligible Recognized Loss for each Authorized Claimant as defined by the Plan of Allocation described in the Notice. Kroll Decl. ¶36. This Recognized Loss figure will be used to make the pro-rata distribution of the Net Settlement Fund to Class Members. Kroll Decl. ¶36.

### III. Distribution of the Net Settlement Fund

Kroll will distribute 100% of the available balance of the Net Settlement Fund—after deducting any Notice and Administration Costs, Taxes, and Tax Expenses—to Authorized Claimants who would receive at least $10.00 based on their Recognized Loss Amount compared to the total Recognized Loss Amounts of all Authorized Claimants. Kroll Decl. ¶ 38(a)(i)-(iii). Recipients will be encouraged to promptly cash their checks within 60 days. Kroll Decl. ¶ 38(a)(iv). Kroll will attempt to locate recipients whose checks are initially uncashed, either because they are returned to Kroll as undeliverable or because the Authorized Claimants simply did not cash the check after time elapses. Kroll Decl. ¶ 38(a)(iv), n.2. No earlier than nine months after the Initial Distribution, any funds still available in the Net Settlement Fund (because of uncashed or undeliverable checks), shall, if Class Counsel, in consultation with Kroll, determine it to be cost-effective to do so, be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the Initial Distribution;[3] (b) second, to pay any additional settlement administration fees, costs, and expenses, as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the Initial Distribution and who would receive at least $10.00, after payment of the estimated costs,

---

[3] Class Counsel and Kroll do not believe there will be any amounts mistakenly omitted from the Initial Distribution.

expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution. Kroll Decl. ¶ 38(b).

If there are not enough funds to make a second distribution economically viable, if sufficient funds remain to warrant the processing of Claims received after March 21, 2024, such Claims will be processed, and any such Claims that are otherwise valid as well as any earlier received Claims for which an adjustment was received after March 21, 2024, which resulted in an increased Recognized Claim will be paid in accordance with paragraph 38(d) of the Kroll Declaration. The remainder of the Net Settlement Fund after payment of such late or late adjusted Claims, shall be donated to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court. Kroll Decl. ¶ 38(c).

## IV. Conclusion

Lead Plaintiff respectfully requests that the Court approve and enter the [Proposed] Order for Distribution of Net Settlement Fund.

April 24, 2024

Respectfully submitted,

*/s/ Jeffrey C. Block*
Jeffrey C. Block
Jacob A. Walker, *pro hac vice*
Sarah E. Delaney
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
jake@blockleviton.com
sarah@blockleviton.com